E-FILED
Tuesday, 15 May, 2012  03:33:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID ARMATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | No. 11-3023 |
| | ) | |
| RANDY GROUNDS, MICHELE | ) | |
| LITTLEJOHN, GLENN JACKSON, | ) | |
| and DION DIXON, | ) | |
| Defendant. | ) | |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>**

NOW COME the Defendants, RANDY GROUNDS, MICHELE LITTLEJOHN, EDWARD

HUNTLEY, DION DIXON, and GLENN JACKSON, by and through their counsel, Lisa Madigan,

Attorney General for the State of Illinois, and hereby submit the following Answer and Affirmative

Defenses to Plaintiff's Amended Complaint, stating as follows:

**<u>INTRODUCTION</u>**

1. This is an action brought pursuant to the United States Constitution, the Eighth

Amendment, the Fourteenth Amendment, 42 U.S.C. § 1983 and state laws to recover damages for

the wrongful detention and false imprisonment of David Armato in the Robinson Correctional

Center.

**RESPONSE: Defendants deny violating the Plaintiff's Eighth or Fourteenth**

**Amendment rights.  Defendants deny violating state laws for wrongful detention or false**

**imprisonment of David Armato.**

2. Mr. Armato was wrongfully detained and imprisoned by the defendants for 269 days. On

February 18, 2010, the Circuit Court of Lake County, Illinois clarified, in part, Mr. Armato's credits

for time served and specifically provided in the Court Order that Mr. Armato was to be released from

the Department of Corrections without a term of Mandatory Supervised Release. Based on the

February 18th Court Order, Mr. Armato should have been released on August 29, 2009. Mr. Armato was not released from the Robinson Correctional Center until May 21, 2010 despite defendants actual knowledge of the Court Order requiring his August 29, 2009 release.

**RESPONSE: Defendants deny wrongfully detaining or imprisoning the Plaintiff for 269 days. Defendants admit that on February 18, 2010, the Circuit Court of Lake County, Illinois entered in order providing the Plaintiff with 373 days of credit for time served. Defendants admit that the February 18, 2010, order states that Mr. Armato's sentence was without a term of mandatory supervised release. Defendants deny that, based on the February 18th Court Order, the Plaintiff's sentence calculation would indicate an outdate of August 29, 2009. Defendants Grounds and Dixon deny having actual knowledge of the February 18, 2009 Court Order prior to the filing of this lawsuit. Defendants Jackson, Littlejohn, and Huntley admit having knowledge of the February 18, 2009 Court order. Defendants admit Plaintiff was in the custody of the Illinois Department of Corrections until May 21, 2010.**

### Jurisdiction and Venue

3. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq., 1985, 1986 and 1988; the Judicial Code, 28 U.S.C. § 1331, and 1343(a); the Constitution of the United States and it amendments. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Response: Defendants admit that this Court has jurisdiction over the Eighth and Fourteenth Amendment claims. Defendants deny this Court has jurisdiction over the state claims.**

4. Venue is proper because a substantial portion of the events giving rise to the claims occurred in this judicial district.

2

**Response: Defendants admit that venue is proper for the Eighth and Fourteenth Amendment claims. Defendants deny that venue is proper for the state law claims.**

### Parties

5. Plaintiff, David Armato, resides in Cook County, Illinois. Plaintiff was wrongfully detained and/or falsely imprisoned in the Robinson Correctional Center, Robinson, Illinois which is operated by the Illinois Department of Corrections. Mr. Armato was falsely imprisoned and wrongfully detained at the Robinson Correctional Center from August 29, 2009 to May 21, 2010.

**Response: Defendants lack sufficient knowledge to either admit or deny the residence of the Plaintiff. Defendants deny Plaintiff was wrongfully detained and/or falsely imprisoned in the Robinson Correctional Center. Defendants admit that Robinson Correctional Center is operated by the Illinois Department of Corrections. Defendants deny Plaintiff was falsely imprisoned and wrongfully detained at the Robinson Correctional Center from August 29, 2009 to May 21, 2010.**

6. Defendant Grounds was the Warden of the Robinson Correctional Center at all relevant times of the events referenced in this Complaint. On information and belief, Mr. Grounds is an Illinois resident.

**Response: Defendants admit the allegations of paragraph 6.**

7. Defendant, Glenn Jackson, was at all relevant times the Chief Records Officer for the Illinois Department of Corrections located in Springfield, Illinois. On information and belief, Mr. Jackson is a resident of Springfield, Illinois.

**Response: Defendants admit the allegations of paragraph 7.**

3

8. Defendant, Michele Littlejohn, was at all relevant times the Office Administrative Specialist at the Robinson Correctional Center responsible for calculating Mr. Armato's release date. On information and belief, Ms. Littlejohn is an Illinois resident.

**Response: Defendants admit the allegations of paragraph 8.**

9. Defendant, Dion Dixon, was at all relevant times a Parole Supervisor for the Robinson Correctional Center. On information and belief, Mr. Dixon is an Illinois resident.

**Response: Defendant Dixon denies the allegation that he was the Parole Supervisor for Robinson Correctional Center.  Defendant admits residency within the State of Illinois.**

10.     Defendant, Edward Huntley, was at all relevant times an attorney for the Illinois Department of Corrections and had the power and authority to release the plaintiff from the Robinson Correctional Center.  On information and belief, Mr. Huntley is an Illinois resident.

**Response: Defendant Huntley admits that he was at all relevant times an attorney for the Illinois Department of Corrections and a resident of Illinois.  Defendant Huntley denies the remainder of the allegations in paragraph 10.**

### Factual Allegations

11. On September 24, 2005 Mr. Armato plead guilty to a theft offense and received a sentence of 24 months of intensive probation (05CF1661). On December 20, 2005, Mr. Armato was charged with another theft offense and violating his probation (05CF5015). On March 6, 2006, Mr. Armato was sentenced to 10 years for the second theft arrest, 05CF5015, to run concurrent with his prior charge 05CF1661.

**Response: Defendants lack sufficient knowledge to either admit or deny the allegations regarding the September 24, 2006 guilty plea in 05CF1661.  Defendants deny the date Plaintiff was charged in 05CF5015 was December 20, 2005.  Defendants admit that Plaintiff was**

**sentenced to 10 years imprisonment in 05CF5015 and it was to run concurrent with his prior charge of 05CF1661.**

12. The March 6, 2006 Court Order also required that Mr. Armato was to receive credit for time served in the Lake County Jail and while awaiting transport to the Department of Corrections. Mr. Armato was to serve his 10 years in the Illinois Department of Corrections.

**Response: Defendants admit the allegations of paragraph 12.**

13. The March 6, 2006, Court Order did not state the exact number of days that Mr. Armato was to receive good time credit for.

**Response: Defendants admit the allegations of paragraph 13.**

14. Mr. Armato served the majority of his imprisonment at the Robinson Correctional Center. At various times, employees of the correctional center calculated the date of Mr. Armato's release from prison. As of September 24, 2009, Michele Littlejohn had calculated Mr. Armato's release date as November 9, 2009.

**Response: Defendants admit Plaintiff was incarcerated at Robinson Correctional Center from November 28, 2007 until his release, with the exception of a brief period spent at Stateville Correctional Center. Defendant Littlejohn admits that Plaintiff's sentence would have been recalculated more than once during plaintiff's incarceration. Defendant Littlejohn denies the allegation regarding the existence of a September 24, 2009, sentence calculation.**

15. Prior to February 18, 2010, none of the employees of the correctional center could determine the correct amount of "time served" that Mr. Armato was to receive when they calculated his date of release.

**Response: Defendants deny the allegations of paragraph 15.**

16. All of the release dates calculated by the Robinson employees, prior to February 18, 2010, were incorrect and resulted in detaining Mr. Armato longer than his correct release date.

**Response: Defendants deny the allegations of paragraph 16.**

17. During Mr. Armato's confinement at the Robinson Correctional Center the correctional center did not have an effective policy, custom or practice for determining an inmate's time served in a county jail, and/or while waiting for transport to the Department of Corrections if the specific number of days was not specified by Court Order. Further, the defendants failed to conduct an investigation regarding Mr. Armato's claims that he was being wrongfully imprisoned until it was too late, resulting in his wrongful imprisonment.

**Response: Defendants deny the allegations of paragraph 17.**

18. When Mr. Armato learned that his release date from the Robinson Correctional Center did not, and would not, include any time he served in the Lake County Jail or time served while waiting for transport to the Department of Corrections, he complained to the defendants without success and then he filed a pro se Motion with the Lake County Circuit Court to determine his county jail credits.

**Response: Defendants deny the allegations of paragraph 18.**

19. On February 18, 2010, Lake County Judge Potkonjak entered an Order clarifying Mr. Armato's dates of confinement with the express language that "It is Further Ordered that with credit for 373 days served in the Lake County Jail - credit for time awaiting transport to the Department of Corrections - good time credit as administered by the Department of Corrections -def to be released from the Department of Corrections without a term of Mandatory Supervised Release."

**Response: Defendants admit the quote contained in paragraph 18 is an accurate quote from the February 18, 2010, order.**

6

20. On or about February 22, 2010, Michele Littlejohn received the corrected February 18, 2010 Lake County Court Order. Littlejohn knew that based upon the Court Order, and her own calculations, that the correct release date for Mr. Armato was August 29, 2009.

**Response: Defendant Littlejohn admits receiving the February 18, 2010, order on or about February 22, 2010.  Defendants deny the correct release date for the Plaintiff was August 29, 2009.**

21. On February 22, 2010, Michele Littlejohn informed defendant Glenn Jackson that based upon the February 18, 2010 Lake County Court Order that Mr. Armato should have been released from the Robinson Correctional Center on August 29, 2009.

**Response: Defendant Littlejohn admits informing Defendant Jackson of the February 18, 2010 Court Order.  Defendant Littlejohn denies informing Defendant Jackson that Mr. Armato should have been released on August 29, 2009.**

22.  All of the Defendants became aware of the February 18, 2010 Court Orders, and the fact that based upon its express language and Ms. Littlejohn's calculations that Mr. Armato should have been released from prison in August 2009.

**Response: Defendants Dixon and Grounds deny the allegations of paragraph 22. Defendants Littlejohn, Jackson, and Huntley admit being aware of the February 18, 2010 Court order and the subsequent sentence calculations.  Defendants deny the remaining allegations in paragraph 22.**

23. Despite the knowledge of the February 18, 2010 Court Order and the correct release date, Defendants Grounds, Dixon, Jackson Huntley, and Littlejohn wilfully and with deliberate indifference continued to wrongfully detain and falsely imprison Mr. Armato by repeatedly having his parole violated, having warrants issued detaining Mr. Armato, by having grievances regarding

detention denied, and by refusing to release him contrary to the express language of the Court Orders.

**Response: Defendants deny the allegations of paragraph 23.**

24. Despite the knowledge of the February 18, 2010 Court Orders and the correct release date, Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn willfully and with deliberate indifference continued to wrongfully detain and falsely imprisoned Mr. Armato repeatedly until he was released from prison on May 21, 2010.

**Response: Defendants deny the allegations of paragraph 24.**

25.     On March 9, 2010, Defendant Grounds denied Mr. Armato's Emergency Grievance in contravention of the controlling Court Order. On March 17, 2010, Grounds denied Mr. Armato's grievance seeking immediate release in contravention of the controlling Court Order. On April 7, 2010 the Prisoner Review Board found that Mr. Armato was not a parole violator, but Mr. Armato's incarceration continued.

**Response: Defendants admit that on April 7, 2010, the Prisoner Review Board found Mr. Armato not to be in violation of mandatory supervised release.  Defendant Grounds admits that a grievance dated March 9, 2010, was deemed not to meet the requirements of an emergency grievance.  Defendant Grounds denies a determination an emergency grievance is not substantiated indicates a complete denial of a grievance.  Defendant Grounds denies that he denied the March 17, 2010, grievance.**

26. It took the defendants at least 89 days to release Mr. Armato despite a court order which required his immediate release without a period mandatory supervised release.

**Response: Defendants admit that the Plaintiff was released from custody on May 21, 2010.  Defendants deny the order was valid or controlling as it related to a term of mandatory**

supervised release and further deny that the Order required Mr. Armato's immediate release without a term of mandatory supervised release.

27. On May 21, 2010, Mr. Armato was released from the Robinson Correctional Center without a term of Mandatory Supervised Release or parole.

**Response: Defendants admit the allegations of paragraph 27.**

28. At all relevant times, Defendants Randle, Grounds, Jackson, Littlejohn, Huntley, and Dixon were acting under the color of law when they took the actions or omissions described in this Complaint. All of the defendants are being sued in their individual capacities.

**Response: Defendants admit acting under the color of state law.**

**Count I: 42 U.S.C. § 1983**

**8th Amendment Violation**

29. Plaintiff restates and incorporates paragraphs 1 through 28 of this Complaint as his paragraph 29 as if fully restated here.

**Response: Defendants restate and incorporate their responses to paragraphs 1 through 28 of their answer as if fully set forth herein.**

30. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn had actual knowledge that a Circuit Court Order had provided Mr. Armato with credit for time served, good time and that he was to be release without a term of mandatory supervised release.

**Response: Defendants Grounds and Dixon deny the allegations of paragraph 30. Defendants Littlejohn, Jackson, and Huntley admit knowledge of the court order that stated Plaintiff was to be released without a term of mandatory supervised release.**

31. Defendants Grounds, Dixon, Jackson, Huntley, and Littlejohn after acquiring this knowledge acted with deliberate indifference under the circumstances.

**Response: Defendants deny the allegations of paragraph 31.**

32. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn acts and/or omissions directly resulted in the continued wrongful detention and false imprisonment of Mr. Armato in violation of his Eighth Amendment rights.

**Response: Defendants deny the allegations of paragraph 32.**

33. Defendants Grounds, Dixon, Jackson, Huntley, and Littlejohn maliciously and willfully disregarded Mr. Armato's constitutional rights.

**Response: Defendants deny the allegations of paragraph 33.**

34. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn acted under the color of law when they took the actions or omissions described in this Complaint.

**Response: Defendants admit acting under the color of state law.**

35. Mr. Armato suffered damages as a result of this violation of his constitutional rights.

**Response: Defendants deny the allegations of paragraph 35.**

36. Pursuant to 42 U.S.C. § 1983, Defendants Grounds, Dixon, Jackson, Huntley, and Littlejohn are liable to Mr. Armato for their violation of his constitutional rights.

**Response: Defendants deny the allegations of paragraph 36.**

**Count II: 42 U.S.C. § 1983**

**14th Amendment Violation**

37. Plaintiff restates and incorporates paragraphs 1 through 28 of this Complaint as his paragraph 37 as if fully restated here.

**Response: Defendants restate and incorporate their responses to paragraphs 1 through 28 of the complaint as if fully set forth herein.**

38. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn failed to have a policy, custom or procedure in place to determine the time served by Mr. Armato prior to arriving at the Robinson Correctional Center.

**Response: Defendants deny the allegations of paragraph 38.**

39. The defendants failed to have a policy or procedure in place to release Mr. Armato on the correct date.

**Response: Defendants deny the allegations of paragraph 39.**

40. The defendants failed to have a policy or procedure in place to release Mr. Armato on the correct date based upon the February 18, 2010 Court Order.

**Response: Defendants deny the allegations of paragraph 40.**

41. Despite knowing that Mr. Armato should have been released, the defendants refused to release Mr. Armato, and continued to detain and imprison him without cause or an opportunity to a meaningful hearing before his continued detention and imprisonment.

**Response: Defendants deny the allegations of paragraph 41.**

42. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn acts and/or omissions directly resulted in the continued wrongful detention and false imprisonment of Mr. Armato in violation of his Fourteenth Amendment rights.

**Response: Defendants deny the allegations of paragraph 42.**

43. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn acted maliciously, willfully, and with deliberate indifference in disregard of Mr. Armato's constitutional rights.

**Response: Defendants deny the allegations of paragraph 43.**

44. Defendants Grounds, Dixon, Jackson, Huntley and Littlejohn acted under the color of law when they took the actions or omissions described in this Complaint.

11

**Response: Defendants admit acting under the color of state law.**

45. Mr. Armato suffered damages as a result of this violation of his constitutional rights.

**Response: Defendants deny the allegations of paragraph 45.**

46. Pursuant to 42 U.S.C. § 1983, Defendants Grounds, Dixon, Jackson, Huntley, and Littlejohn are liable to Mr. Armato for their violation of his constitutional rights.

**Response: Defendants deny the allegations of paragraph 46.**

### Count III: 42 U.S.C. § 1983

### Deliberate Indifference Against Defendant Grounds

47. Plaintiff restates and incorporates paragraphs 1 through 46 as this Complaint as his paragraph 47 as if fully restated here.

**Response: Defendants restate and incorporate their responses to paragraphs 1 through 46 of the complaint as if fully set forth herein.**

48. Defendant Grounds was responsible for enforcing a custom, practice and/or policy of violating inmates' constitutional rights.

**Response: Defendant denies the allegations of paragraph 48.**

49. In the taking actions described in this Complaint, Defendant Grounds acted under the color of law.

**Response: Defendant admits acting under the color of law.**

50. Defendant Grounds enforced and/or condoned a custom, practice and/or policy of continuing the imprisonment of Mr. Armato in contravention of the controlling Court Order, and in contravention a Prisoner Review Board Order that provided for his immediate release.

**Response: Defendant denies the allegations of paragraph 50.**

51. Defendant Grounds enforcement of the above customs, practices and/or policies of violating inmates' constitutional rights directly resulted in the continued wrongful detention and false imprisonment of Mr. Armato.

**Response: Defendant denies the allegations of paragraph 51.**

52. Defendant Grounds acted maliciously, willfully and with deliberate indifference in disregard of Mr. Armato's constitutional rights.

**Response: Defendant denies the allegations of paragraph 52.**

53. Defendant Grounds acted under the color of law when he took the actions or omissions described  in this Complaint.

**Response: Defendant admits acting under the color of state law.**

54. Mr. Armato suffered damages as a result of this violation of his constitutional rights.

**Response: Defendant denies the allegations of paragraph 54**

55. Pursuant to 42 U.S.C. § 1983, Defendant Grounds is liable to Mr. Armato for this violation of his constitutional rights.

**Response: Defendant denies the allegations of paragraph 55.**

**Count IV: State Law - False Imprisonment**

56. Plaintiff restates and incorporates paragraphs 1 through 55 of this Complaint as his paragraph 56 as if fully restated here.

**Response: Defendants restate their responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.**

57. The acts by Defendants Grounds, Jackson, Littlejohn, Huntley and Dixon described in this Complaint caused the detention, imprisonment and/or the arrest of the plaintiff.

**Response: Defendants deny the allegations of paragraph 57.**

13

58. The above defendants caused said detention, imprisonment and/or arrest of the plaintiff without having reasonable grounds to believe that the plaintiff had committed an offense requiring his detention, imprisonment or arrest.

**Response: Defendants deny the allegations of paragraph 58.**

59. Mr. Armato suffered damages as a result of the false arrest, wrongful detention and false imprisonment.

**Response: Defendants deny the allegations of paragraph 59.**

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief.

## JURY DEMAND

Defendants demand trial by jury.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, Defendants state as follows:

1.     At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating the Plaintiff's clearly established constitutional rights.  Defendants are protected from liability by the doctrine of qualified immunity.

2.     Plaintiff's cause of action against the Defendants in their official capacities is barred by the Eleventh Amendment.

14

3.      Defendants are entitled to public official immunity.

4.      Plaintiff's state law claims are barred by sovereign immunity.


                                    Respectfully submitted,

                                    RANDY GROUNDS, MICHELE LITTLEJOHN,
                                    GLENN JACKSON, DION DIXON,
                                     and EDWARD HUNTLEY,

                                        Defendants,

Robert L. Fanning, #6296345
Assistant Attorney General             LISA MADIGAN, Attorney General,
500 South Second Street                State of Illinois,
Springfield, Illinois 62706
Telephone:  (217) 782-9056                Attorney for Defendants,
Facsimile:  (217) 782-8767
E-Mail:  rfanning@atg.state.il.us      By:   s/ ROBERT L. FANNING
                                              Robert L. Fanning, #6296345
  Of Counsel.                                 Assistant Attorney General

**No. 11-3023**
**Certificate of Service**

I hereby certify that on May 15, 2012, I electronically filed an Answer and Affirmative

Defenses with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Dennis J. DeCaro
djd0089@aol.com

Respectfully submitted,

  s\  Robert L. Fanning
Robert L. Fanning
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9056
Facsimile:  (217) 782-8767