IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
vs. )   Case No. 05CF1661
David Armato N91995 )
Defendant )

Date of Sentence: March 6, 2006
Date of Birth: 04/03/65 (Defendant)
Date of Birth: (Victim)

FEB 18 2010

Sally D. Coffelt, Circuit Clerk

## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above - named defendant has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | DATE OF OFFENSE | STATUTORY OFFENSE | CITATION | CLASS | SENTENCE | MSR |
|---|---|---|---|---|---|---|
| 1 | 05/07/05 | Theft | 720 5/16-1(a)(1)(A) | 3 | 10 Yrs __ Mo __ Yr | |

and said sentence shall run (☒ concurrent with)(☐ consecutive to) the sentence imposed on: _____ 05CF5015 _____.

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____. ___ ___Yrs __Mo __ Yr

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____. ___ ___Yrs __Mo __ Yr

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____. ___ ___Yrs __Mo __ Yr

The Court finds that the defendant is:

☐ Convicted of a class _____ offense but sentenced as a **Class X** offender pursuant to 730 ILCS 5/5-5-3(c)(8).

☒ The Court finds that the defendant is entitled to receive credit for time actually served in custody from ___ 373 days ___ [specify date(s)] to _____ from _____ to _____ from _____ to _____.

☐ The Court further finds that the conduct leading to conviction for the offenses enumerated in counts _____ resulted in **great bodily harm** to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).

☐ The Court further finds that the defendant meets the eligibility requirements and is approved for placement in the **Impact Incarceration** program. If the Department accepts the defendant and determines that the defendant has successfully completed the program, the sentence shall be reduced to time considered served upon certification to the Court by the Department that the defendant has successfully completed the program. Written consent is attached.

☐ The Court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled substance.

☐ IT IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (☐ concurrent with) (☐ consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County.

☐ IT IS FURTHER ORDERED that the defendant serve   ☐ 75%   ☐ 85%   ☐ 100% of said sentence.
IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

☒ IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

☒ IT IS FURTHER ORDERED that With credit for 373 days served in the Lake County Jail - credit for time awaiting transport to the Department of Corrections - good time credit as administered by the Department of Corrections - def to be released from the Department of Corrections without a term of Mandatory Supervised Release.

This order is (☒ effective immediately) (☐ stayed until _____).

DATE: February 18, 2010

ENTER: _____
Theodore S. Potkonjak
(PLEASE PRINT JUDGE'S NAME)

PLAINTIFF'S EXHIBIT
G1

Form approved by the Conference of Chief Judges
Effective January 18, 2008

171-39C4 (R01/08)

000785

N91995

IN THE [CIRCU]IT COURT OF THE NINETEEN[TH JUDI]CIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED
FEB 18 2010

PEOPLE OF THE STATE OF ILLINOIS )
)
vs. )    Case No. 05CF5015
)
David Armato N91995 )
_____ )
Defendant

Date of Sentence March 6, 2006
Date of Birth 04/03/65
                              (Defendant)

_Sayed Gffett_
CIRCUIT CLERK

Year of Birth _____
                         (Victim)

## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above - named defendant has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | DATE OF OFFENSE | STATUTORY OFFENSE | CITATION | CLASS | SENTENCE | MSR |
|---|---|---|---|---|---|---|
| 1 | 12/30/05 | Theft | 720 5/16-1(a)(1)(A) | 3 | 10 Yrs __ Mo | __ Yr |

and said sentence shall run (☑ concurrent with)(☐ consecutive to) the sentence imposed on: _____ 05CF1661 _____

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____ . _____ ___ Yrs __ Mo __ Yr

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____ . _____ ___ Yrs __ Mo __ Yr

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____ . _____ ___ Yrs __ Mo __ Yr

The Court finds that the defendant is:

☐ Convicted of a class _____ offense but sentenced as a **Class X** offender pursuant to 730 ILCS 5/5-5-3(c)(8).

☑ The Court finds that the defendant is entitled to receive credit for time actually served in custody from ___ 373 days ___ [specify date(s)] to _____ from _____ to _____ from _____ to _____

☐ The Court further finds that the conduct leading to conviction for the offenses enumerated in counts _____ resulted in **great bodily harm** to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).

☐ The Court further finds that the defendant meets the eligibility requirements and is approved for placement in the **Impact Incarceration** program. If the Department accepts the defendant and determines that the defendant has successfully completed the program, the sentence shall be reduced to time considered served upon certification to the Court by the Department that the defendant has successfully completed the program. Written consent is attached.

☐ The Court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled substance.

☐ IT IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (☐ concurrent with) (☐ consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County.

☐ IT IS FURTHER ORDERED that the defendant serve   ☐ 75%   ☐ 85%   ☐ 100% of said sentence.
IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

☑ IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

☑ IT IS FURTHER ORDERED that _With credit for 373 days served in the Lake County Jail - credit for time awaiting transport to the Department of Corrections - good time credit as administered by the Department of Corrections - def to be released from the Department of Corrections without a term of Mandatory Supervised Release._

This order is (☑ effective immediately) (☐ stayed until _____ ).

DATE: February 18, 2010                    ENTER: _____

Theodore S. Potkonjak
(PLEASE PRINT JUDGE'S NAME HERE)

PLAINTIFF'S
EXHIBIT
62
Blumberg No. 5113

Form approved by the Conference of Chief Judges
Effective January 18, 2008

171-39C4 (R01/08)

000786

STATE OF ILLINOIS )
                  ) ss
COUNTY OF LAKE    )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED
FEB 18 2010
CIRCUIT CLERK

People of the
State of Illinois

vs.

David Armato

Gen. No. _05 CF 5015_
         05 CF 1661

Agreed

**ORDER**

It is hereby ordered that:

1) Mr Armato shall receive credit on 05 CF 5015 and 05 CF 1661
   for 169 days for time in custody from
   12/30/05 (date of offense of 05 CF 5015) through
   March 6, 2006. Defendant had not previously
   received this credit. (Defendant receives this in
   addition to original credit for time served)

2) Mr. Armato was not admonished on the record regarding
   any term of Mandatory Supervised Release.

3) Mr. Armato's printto mittimus shall be amended to
   include the additional 169 days credit in paragraph (1) and _NO_
   term of Mandatory Supervised Release.

4) Mr. Armato shall be released from the Department of
   Corrections, without a term of MSR, on Friday, May 28, 2010.

Dated at Waukegan, Illinois this

_19_ day of _Feb_, 20 _10_.

ENTER:

/s/ Circuit Judge
_____
            Judge

ORDER PREPARED BY: _CPHaran APD_
                   (Please Print Name and Address)

PLAINTIFF'S
EXHIBIT
**63**

Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 16, 2010 8:00 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Thursday, April 08, 2010 8:36 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder on this.  The PRB heard him this week.  Mr. Altoff called me about his situation while he was hearing him.  He then called the PRB's attorney to see what to do.  The PRB said to find him not a violator and let DOC handle it but that they thought Armato had a lawsuit.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 02, 2010 8:04 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, March 26, 2010 8:07 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Also on this, the Prisoner Review Board will be seeing him on his violation on April 7 when they are here.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

2



PLAINTIFF'S
EXHIBIT
H

: 01060

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Thursday, April 29, 2010 9:06 AM |
| **To:** | Huntley, Edward; Diers, Joel M. |
| **Cc:** | Rose, Joseph W. |
| **Subject:** | FW: Possible Release N91995 David Armato |
| | |
| **Importance:** | High |

*FYI*

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Thursday, April 29, 2010 8:06 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Just an update – we received the board order on him – found not a violator.  We will violate him at the door again today.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Jackson, Glenn
**Sent:** Friday, April 23, 2010 9:54 AM
**To:** Littlejohn, Michele
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

Michele,

It's my understanding the AG's Office is reviewing the matter. I will contact you when I get a decision. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 23, 2010 7:55 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Is the AG's office still working on this one?  I know there will be a lawsuit coming on it.

Michele Littlejohn



PLAINTIFF'S
EXHIBIT

1

: 01059

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: 3 /17 / 10    Date of Review: 3/17/10    Grievance # (optional): 10-089

Committed Person: David Armato    ID #: N91995

Nature of Grievance: Sentencing order / release / VAN

Facts Reviewed: Grievance officer has read grievance as written and Counselor response by CCII Neese dated 3-16-10. I/M Armato is grieving to be on immediate release because his sentencing order states "defendant to be released from the Dept of Corrections without a term of Mandatory Supervised Release."

The facts reveal I/M Armato went on a Court writ to Lake County and was resentenced on both his Class 3 Theft cases # 05CF5015 and 05CF1661 Feb 18, 2010. On both his new sentence orders Judge Theodore Potkonjak stated "defendant to be released from the Department of Corrections without a term of Mandatory Supervised Release."

Inmate Armato was returned to NRC on 2-19-10. He was then violated at the door by (over)

Recommendation: Grievance officer unable to resolve grievance at this level. Recommend I/M Armato forward grievance to the ARB for a final decision. A legal opinion will have to be rendered regarding the validity of the judges sentencing orders and inmate being violated at the door for not having an approved E.D. site.

Ron Sutton    CCII
Print Grievance Officer's Name

Ron Sutton CCII
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 3-17-10    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

RECEIVED
MAR 19 2010
Records

Randy Grounds
Chief Administrative Officer's Signature

3, 17, 10
Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted [to the] Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9 [with the] original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature _____    ID# _____    Date _____

PLAINTIFF'S EXHIBIT
5

000783

Stateville NRC on 2/23/10 for failure to provide a host site for ED. NRC transferred inmate Aimato to RCC on 3/03/10.

Acting Records office Supervisor Michell Littlejohn stated when she looked at Mr Aimato's New) sentencing orders she referred his case to the Chief Records office Supervisor Glen Jackson who in turn forwarded the case to legal issues to render a decision. Michell Littlejohn also stated she has been sending Outlook messages every Friday to Glen Jackson reminding him a decision needs to be rendered.

ILLINOIS DEPARTMENT OF CORRECTIONS

# Parole Violation Report

212

## Section A: Violation Details

Offender: David Armato _____ Alias: _____ ID#: N91995

Parent Facility: STATEVILLE NRC _____ County of Violation: _____ Date of Birth: 04/03/1965

Program released to: PAROLE _____ Level of Supervision: _____

Gender: ☒ Male ☐ Female  Race: ☒ Caucasian ☐ African American ☐ Asian ☐ Hispanic ☐ Native American ☐ Other ___

FBI#: 912664AA5 _____ I.R.#: 873443 _____ CCJ#: _____

Release Date: 02/23/2010 _____ Sentence Exp. Date: 08/23/2010 _____ Violation Date: 02/23/2010

Custody Facility: STATEVILLE NRC _____ Custody Date: 02/23/2010

Offense(s): FTC-RULE #16 FAILURE TO PROVIDE A HOST SITE FOR ED.

IDOC Warrant #: VG100085776 _____ Date Warrant Issued: 02/23/2010

Parolee DAVIS ARMATO is currently on parole for the following offenses (list all mittimus offenses) THEFT, CONTROL, INTENT $300<10K and was incarcerated from 02/23/2005 to PRESENT. The most recent parole violation(s) for which this warrant was issued/is being requested follows (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : OFFENDER IS IN VIOLATION OF THE RULE #16 IN THAT HE IS MANDATED BY THE PRISONER REVIEW BOARD TO BE SUPERVISED ON ELECTRONIC MONITORING. THIS AGENCY ATTEMPTED TO PLACE THE OFFENDER AT (ALL) PLACES WITH FAMILY AND /OR FRIENDS IN THE COMMUNITY AND NO. SUITABLE HOST SITE WAS FOUND TO SUPERVISE THE OFFENDER ON ELECTRONIC MONITORING. THIS AGENCY ATTEMPTED TO PLACE THE OFFENDER AT (ALL) PLACES THAT THE ILLINOIS DEPARTMENT OF CORECTIONS WOULD PAY FOR AND THE PAID PLACEMENTS FOR ANY NUMBER OF REASONS COULD NOT ACCEPT THE OFFENDER. THE OFFENDER IS UNABLE TO FULFILL THE MANDATE BY ELECTRONIC MONITORING PLACE BY THE PRISONER REVIEW BOARD.

List all Arrests or Alleged Parole/Mandatory Supervised Release Violations or sanctions and the date of occurrence other than those in the above section (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : N/A

Answer the following questions only if the offender has absconded.

Is this an instant absconder? ☒ No ☐ Yes                Offender has been an absconder since (support in your narrative):

Did the offender make any contacts to AMS while an absconder? ☒ No ☐ Yes        If yes, dates of contacts:

**Community Adjustment:**

Answer the following questions or provide the required information for all parolees.

Prior mittimus offense(s) and conviction date(s): N/A

Offender currently resides with: (include description of others living with the parolee, such as wife, children, girlfriend, parents. It is mandatory to list any children under 18 living in the home, age, and the relationship of the parolee to those children.) N/A

Where was the offender's approved host site?        Can the offender return to this host site? ☒ No ☐ Yes

If no, state why and  also what other host site options does the offender have?

Offender was employed at time of arrest/alleged violation with:        for        week(s)        month(s)        year(s).

Did the offender attend school at time of arrest/alleged violation? ☐ No ☐ Yes   if yes, level of education:

Special conditions for substance abuse and/or mental health and/or other programming by PRB or MSR Rule 15 (List each special condition, MSR Rule 15, referrals provided and date, and follow-up by agent. Specify the name and type of treatment program, where it was provided, if they had been attending regularly and if there were any progress reports - attach reports)

Current and prior housing, substance abuse and/or mental health issues (include incarceration information if available) :

Does parolee have:

State ID:     ☐ Yes     ☐ No     ☐ Unknown          Driver's License     ☐ Yes     ☐ No

Distribution: Offender; Releasing Authority; Offender's Case File;
Parent Field Services Representative; AMS;
Hearing Officer, if FOS, Interstate Compact

Page 1

Printed on Recycled Paper

DOC 0071 (Rev 04/2007)

PLAINTIFF'S EXHIBIT K

Blumberg No. 5113

000827

NOTICE OF CHARGES

ILLINOIS DEPARTMENT OF CORRECTIONS

# Parole Violation Report

Birth Certificate ☐ Yes ☐ No ☐ Unknown     Social Security Card ☐ Yes ☐ No ☐ Unknown
If parolee does not have a valid State ID or Driver's License, list the referral dates for identification assistance:

Offender attending or enrolled in sex offender treatment with (provider):          at (address):          for (length of time and progress - attach progress notes):

Is this current arrest or alleged violation a sex related offense? ☐ No ☐ Yes

Relationship to victim:

List the offender's overall successes that will assist in providing support upon re-entry to the community:
☐ Supportive Immediate Family System
☐ Supportive Friends/Extended Relatives System
☐ Supportive Community Resources (List) :
☐ Employable Skills (List) :
☐ Unknown

Agent's Narrative for Community Adjustment and Complete Case Management Background (mandatory for all cases, including new arrests and cases of mandatory warrant issuance):

Agent's Institutional and Release Recommendation:

Is diversion recommended for this parolee ? ☐ No ☐ Yes          Support your recommendation using the three (3) diversion criteria :

Recommended changes to current PRB orders and justification:

Recommended time to be served and justification:

Other recommendations and justification:

Attachments: ☐ Sanction Form     ☐ Police Report     ☐ Other (specify):

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to the best of my knowledge and belief.

_____          _____          _____          _____
Print Parole Agent's Name                    No.                    Parole Agent's Signature                    Date

Supervisor Comments (if any - supervisor must specifically review the diversion review recommendation and concur/non-concur): NO FAMILY OR FRIENDS TO LIVE WITH AND NO VENDOR BEDS IN COOK COUNTY.

D. Dixon _____          G13 _____          _____          02/26/2010
Print Parole Supervisor's Name                 No.                    Supervisor's Signature                    Date

Section B: Notice of Charges must be completed at the same time this section is completed

Distribution: Offender; Releasing Authority; Offender's Case File;          Page 2          DOC 0071 (Rev 04/2007)
Parent Field Services Representative; AMS;          Printed on Recycled Paper
Hearing Officer; if FOS, Interstate Compact

000828




State of Illinois
**PRISONER REVIEW BOARD ORDER**

Date: April 7, 2010

| Name<br>**ARMATO, DAVID** | Number<br>**N-91995** | Facility<br>**ROB** | Docket No.<br>**PV** |
|---|---|---|---|

To the Warden –
The following order is your authority to release this individual on parole to the custody and supervision of the Office of Community Supervision, or continue to hold as indicated. If parole is ordered, said order is subject to being vacated prior to release to parole. Any release is contingent upon execution of Parole or Mandatory Supervised Release Agreement.

## ☐ PAROLE/MANDATORY SUPERVISED RELEASE REVOCATION    ☐ PAROLE CONSIDERATION

X  Found not to be a violator

☐  Declared a violator as of _____ on _____

  ☐  Statutory Parole
  X  Mandatory Supervised Release
  ☐  Parole

☐  Parole or release revoked

  ☐  Continued to _____

☐  Parole or release continued

  ☐  Effective _____

  ☐  Effective when plans are approved

  ☐  Subject to Condition(s) listed below

☐  Hearing continued to _____

  ☐  For further information
  ☐  For Court Disposition
  ☐  At inmate's request
  ☐  For Violation Report

**Violator Rationale**
The inmate named has violated parole or Mandatory Supervised Release because the inmate:

☐  Committed the criminal offense of _____
_____
_____

☐  Violated condition(s) _____
_____
of the Parole or Release Agreement.

☐  Violated condition(s) _____
_____
of your Special Order.

☐  Absconded.

☐  Failed to report or falsified report(s).

**Evidence Relied Upon**
  ☐  Counselor's Report
  ☐  Police Report
  ☐  Witnesses testimony
  ☐  Own Admission

☐  Parole granted effective when

  ☐  Parole plans are approved
  ☐  Minimum is served
  ☐  Eligible

☐  Subject to regular conditions and

  ☐  Subject to condition(s) listed below

☐  Parole denied, continued to _____

☐  Hearing continued to _____

  ☐  Psychiatric Report requested
  ☐  For verification of parole plans
  ☐  At inmate's request

☐  Release date offer attached to and made a part of this order.

☐  See Rationale attached to and made a part of this Order

Order of
  ☐  Amended
  ☐  Stayed
  ☐  Vacated

The Board finds that this evidence is sufficient because:

*Placement issues*
_____
_____
_____
_____
_____
_____
_____
_____

**SPECIAL ORDER:**
YOU ARE OBLIGATED TO THE GENERAL RULES GOVERNING PAROLEES AND MANDATORY SUPERVISED RELEASEES AND THE FOLLOWING SPECIAL ORDER(S):

☐  Substance Abuse Counseling (CD)          ☐  Anger Management Counseling (CG)

☐  Outpatient Mental Health Counseling (CP)    ☐  Sex Offender Counseling (CX)

☐  Electronic Monitoring (CE) for a period of _____

☐  No Victim Contact (CT) _____

☐  Be released to the warrant or detainer against you. If the charge or charges on which the warrant or detainer is based are dismissed you shall be returned to an institution of the Department of Corrections for further consideration by the Board. (CW)

☐  Other: (CO) _____

### PRISONER REVIEW BOARD:

_____
_____
_____
_____
_____
_____

Distribution:  Board; Institution File; Resident; Clinical or Parole Services
JL S78-0011  (7/05)

Blumberg No. 5119


PLAINTIFF'S EXHIBIT
L

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

**Section A: Violation Details**

Offender: David Armato _____ Alias: _____ ID#: N91995

Parent Facility: ROBINSON C.C. _____ County of Violation: _____ Date of Birth: 04/03/1965

Program released to: PAROLE _____ Level of Supervision: _____

Gender: ☒ Male ☐ Female  Race: ☒ Caucasian ☐ African American ☐ Asian ☐ Hispanic ☐ Native American ☐ Other _____

FBI#: 912664AA5 _____ I.R.#: 673443 _____ CCJ#: _____

Release Date: 04/29/2010 _____ Sentence Exp. Date: 08/23/2010 _____ Violation Date: 04/29/2010

Custody Facility: ROBINSON C.C. _____ Custody Date: 04/29/2010

Offense(s): FTC-RULE #16 FAILURE TO PROVIDE A HOST SITE FOR ED.

IDOC Warrant #: VG100006125 _____ Date Warrant Issued: 04/29/2010

**Parolee DAVIS ARMATO is currently on parole for the following offenses** (list all mittimus offenses) THEFT, CONTROL, INTENT $300<10K and was incarcerated from 02/23/2005 to PRESENT. **The most recent parole violation(s) for which this warrant was issued/is being requested follows** (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : OFFENDER IS IN VIOLATION OF THE RULE #16 IN THAT HE IS MANDATED BY THE PRISONER REVIEW BOARD TO BE SUPERVISED ON ELECTRONIC MONITORING.  THIS AGENCY ATTEMPTED TO PLACE THE OFFENDER AT (ALL) PLACES WITH FAMILY AND /OR FRIENDS IN THE COMMUNITY AND NO SUITABLE HOST SITE WAS FOUND TO SUPERVISE THE OFFENDER ON ELELCTRONIC MONITORING.  THIS AGENCY ATTEMPTED TO PLACE THE OFFENDER AT (ALL) PLACES THAT THE ILLINOIS DEPARTMENT OF CORECTIONS WOULD PAY FOR AND THE PAID PLACEMENTS FOR ANY NUMBER OF REASONS COULD NOT ACCEPT THE OFFENDER.  THE OFFENDER IS UNABLE TO FULFILL THE MANDATE BY ELECTRONIC MONITORING PLACE BY THE PRISONER REVIEW BOARD.

**List all Arrests or Alleged Parole/Mandatory Supervised Release Violations or sanctions and the date of occurrence other than those in the above section** (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : N/A

Answer the following questions only if the offender has absconded:

Is this an instant absconder? ☒ No ☐ Yes      Offender has been an absconder since (support in your narrative): _____

Did the offender make any contacts to AMS while an absconder? ☒ No ☐ Yes      If yes, dates of contacts: _____

**Community Adjustment:**

Answer the following questions or provide the required information for all parolees.

Prior mittimus offense(s) and conviction date(s): N/A

Offender currently resides with: (include description of others living with the parolee, such as wife, children, girlfriend, parents. It is mandatory to list any children under 18 living in the home, age, and the relationship of the parolee to those children.) N/A

Where was the offender's approved host site? _____ Can the offender return to this host site? ☒ No ☐ Yes

If no, state why and  also what other host site options does the offender have?

Offender was employed at time of arrest/alleged violation with:      for      week(s)      month(s)      year(s).

Did the offender attend school at time of arrest/alleged violation? ☐ No ☐ Yes  If yes, level of education: _____

Special conditions for substance abuse and/or mental health and/or other programming by PRB or MSR Rule 15 (List each special condition, MSR Rule 15, referrals provided and date, and follow-up by agent. Specify the name and type of treatment program, where it was provided, if they had been attending regularly and if there were any progress reports - attach reports) :

Current and prior housing, substance abuse and/or mental health issues (include incarceration information if available) :

Does parolee have:

| | | | | | | |
|---|---|---|---|---|---|---|
| State ID | ☐ Yes | ☐ No | ☐ Unknown | Driver's License | ☐ Yes | ☐ No |
| | | | | | | ☐ Unknown |

PLAINTIFF'S EXHIBIT M  Blumberg No. 5113

Distribution: Offender; Releasing Authority; Offender's Case File;
Parent Field Services Representative; AMS;
Hearing Officer; if FOS, Interstate Compact

Printed on Recycled Paper

DOC 0071 (Rev 04/2007)
000791



ILLINOIS DEPARTMENT OF CORRECTIONS

## Parole Violation Report

Birth Certificate  ☐ Yes   ☐ No   ☐ Unknown       Social Security Card  ☐ Yes   ☐ No   ☐ Unknown
If parolee does not have a valid State ID or Driver's License, list the referral dates for identification assistance:

Offender attending or enrolled in sex offender treatment with (provider):       at (address):       for (length of time and progress - attach progress notes):

Is this current arrest or alleged violation a sex related offense?  ☐ No   ☐ Yes       Relationship to victim:

List the offender's overall successes that will assist in providing support upon re-entry to the community:
☐ Supportive Immediate Family System
☐ Supportive Friends/Extended Relatives System
☐ Supportive Community Resources (List) :
☐ Employable Skills (List) :
☐ Unknown

**Agent's Narrative for Community Adjustment and Complete Case Management Background** (mandatory for all cases, including new arrests and cases of mandatory warrant issuance):

**Agent's Institutional and Release Recommendation:**

Is diversion recommended for this parolee ?  ☐ No   ☐ Yes       Support your recommendation using the three (3) diversion criteria :

Recommended changes to current PRB orders and justification:

Recommended time to be served and justification:

Other recommendations and justification:

**Attachments:** ☐ Sanction Form   ☐ Police Report   ☐ Other (specify):

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to the best of my knowledge and belief.

_____           _____       _____        _____
Print Parole Agent's Name                        No.                        Parole Agent's Signature                        Date

**Supervisor Comments** (if any - supervisor must _specifically_ review the diversion review recommendation and concur/non-concur):  NO FAMILY OR FRIENDS TO LIVE WITH AND NO VENDOR BEDS IN COOK COUNTY.

D. Dixon _____           G13_____       _____        04/29/2010
Print Parole Supervisor's Name                        No.                        Supervisor's Signature                        Date

**Section B:  Notice of Charges must be completed at the same time this section is completed**

M,

Give me a call in the morning to discuss. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Monday, February 22, 2010 2:13 PM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato
**Importance:** High

Update: I talked with ASA Eric Kalata. He said it was the intent of the court. The judge said there was no mention of an msr term given to him previously so there will be no msr term and they were not clear on the days served so they gave him all of this credit. The judge didn't want him to appeal the case and then have to go through it all over again per ASA. Is it okay to release him as a discharge – he is sex offender registry? Should we wait until tomorrow? He is still at NRC after his writ. Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Monday, February 22, 2010 12:33 PM
**To:** Jackson, Glenn
**Subject:** Possible Release N91995 David Armato
**Importance:** High

Hi Glenn:

I have a call in to the Lake County States Attorney's office. They are supposed to be calling me back. We dealt with this inmate Armato N91995 back in September. When doing a pre-release for his release in November, I discovered he was receiving too much credit and we ended up going with the date of sentence because the jail credit we had was incorrect. The new calc was then going to hold him until 9-6-10.

The inmate was writted to court and has been gone since Dec 2009. Today I received corrected orders on both cases ordering jail credit which ends up giving him more jail credit than he was getting using the prior jail verification which was incorrect AND they have ordered NO msr term. If I calc it this way, this would have released him in 8/09 and with no msr term. I will let you know what the states attorney's office has to say when they call back. The inmate was now been brought back in to NRC.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

5

PLAINTIFF'S EXHIBIT
N
Blumberg No. 5119

: 01063

Ed/Joel,

I think this is one we need to have a look at before discharging. Our record office just received the order today. Alyssa, please check to see if eligible for SVP review. He has two prior offenses for Agg Crim Asslt. I have a fax copy of the order for your review. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Monday, February 22, 2010 2:13 PM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato
**Importance:** High

Update:  I talked with ASA Eric Kalata.  He said it was the intent of the court.  The judge said there was no mention of an msr term given to him previously so there will be no msr term and they were not clear on the days served so they gave him all of this credit.  The judge didn't want him to appeal the case and then have to go through it all over again per ASA. Is it okay to release him as a discharge – he is sex offender registry?  Should we wait until tomorrow?  He is still at NRC after his writ.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Monday, February 22, 2010 12:33 PM
**To:** Jackson, Glenn
**Subject:** Possible Release N91995 David Armato
**Importance:** High

Hi Glenn:

I have a call in to the Lake County States Attorney's office.  They are supposed to be calling me back.  We dealt with this inmate Armato N91995 back in September.  When doing a pre-release for his release in November, I discovered he was receiving too much credit and we ended up going with the date of sentence because the jail credit we had was incorrect. The new calc was then going to hold him until 9-6-10.

The inmate was writted to court and has been gone since Dec 2009.  Today I received corrected orders on both cases ordering jail credit which ends up giving him more jail credit than he was getting using the prior jail verification which was incorrect AND they have ordered NO msr term.  If I calc it this way, this would have released him in 8/09 and with no msr term.  I will let you know what the states attorney's office has to say when they call back.  The inmate was now been brought back in to NRC.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

2

: 01124

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Monday, February 22, 2010 4:33 PM |
| **To:** | Diers, Joel M.; Williams-Schafer, Alyssa; Huntley, Edward |
| **Subject:** | RE: Possible Release N91995 David Armato |
| **Importance:** | High |

After speaking with Ken Tupy, PRB Legal, he thinks this case should be challenged too. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

**From:** Diers, Joel M.
**Sent:** Monday, February 22, 2010 4:19 PM
**To:** Williams-Schafer, Alyssa; Jackson, Glenn; Huntley, Edward
**Subject:** RE: Possible Release N91995 David Armato

Glenn,

The Court in my opinion cannot legally sentence this offender without a term of MSR. Unless we challenge the Order through the AG's office I think we are bound to follow the Order.

Thanks

Joel M. Diers
Legal Services
Concordia
217-558-2200, x 4110

**From:** Williams-Schafer, Alyssa
**Sent:** Monday, February 22, 2010 4:14 PM
**To:** Jackson, Glenn; Diers, Joel M.; Huntley, Edward
**Subject:** RE: Possible Release N91995 David Armato

The SVP offenses have discharged and did not run consecutively or concurrently with another offense or parole term.

Alyssa Williams-Schafer
Coordinator for Sex Offender Services
Illinois Department of Corrections
1301 Concordia Court
Springfield, IL 62794
217) 558-2200 ext. 6512

**From:** Jackson, Glenn
**Sent:** Monday, February 22, 2010 4:11 PM
**To:** Diers, Joel M.; Huntley, Edward
**Cc:** Williams-Schafer, Alyssa
**Subject:** FW: Possible Release N91995 David Armato
**Importance:** High

1

:01123

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Monday, February 22, 2010 4:30 PM |
| **To:** | Williams-Schafer, Alyssa |
| **Subject:** | RE: Possible Release N91995 David Armato |

A,

I know, but I for some reason feel I have to CYA. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Williams-Schafer, Alyssa
**Sent:** Monday, February 22, 2010 4:14 PM
**To:** Jackson, Glenn; Diers, Joel M.; Huntley, Edward
**Subject:** RE: Possible Release N91995 David Armato

The SVP offenses have discharged and did not run consecutively or concurrently with another offense or parole term.

```
Alyssa Williams-Schafer
Coordinator for Sex Offender Services
Illinois Department of Corrections
1301 Concordia Court
Springfield, IL  62794
217) 558-2200 ext. 6512
```

---

**From:** Jackson, Glenn
**Sent:** Monday, February 22, 2010 4:11 PM
**To:** Diers, Joel M.; Huntley, Edward
**Cc:** Williams-Schafer, Alyssa
**Subject:** FW: Possible Release N91995 David Armato
**Importance:** High

Ed/Joel,

I think this is one we need to have a look at before discharging. Our record office just received the order today. Alyssa, please check to see if eligible for SVP review. He has two prior offenses for Agg Crim Asslt. I have a fax copy of the order for your review. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Monday, February 22, 2010 2:13 PM
**To:** Jackson, Glenn

1

:01125

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Tuesday, February 23, 2010 9:47 AM |
| **To:** | Huntley, Edward |
| **Subject:** | FW: Possible Release N91995 David Armato |

**Importance:** High

Mr. Huntley,

The below offender is to be released today. I need directions as to msr him or discharge per the mittimus. If your directions are to msr him, he will be a VAD, since he has no host site. If we follow the order, he will discharge today. Your prompt response to this matter would be greatly appreciated. He is not SVP eligible, but he is a sex offender. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Jackson, Glenn
**Sent:** Monday, February 22, 2010 4:33 PM
**To:** Diers, Joel M.; Williams-Schafer, Alyssa; Huntley, Edward
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

After speaking with Ken Tupy, PRB Legal, he thinks this case should be challenged too. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Diers, Joel M.
**Sent:** Monday, February 22, 2010 4:19 PM
**To:** Williams-Schafer, Alyssa; Jackson, Glenn; Huntley, Edward
**Subject:** RE: Possible Release N91995 David Armato

Glenn,

The Court in my opinion cannot legally sentence this offender without a term of MSR. Unless we challenge the Order through the AG's office I think we are bound to follow the Order.

Thanks

Joel M. Diers
Legal Services
Concordia
217-558-2200, x 4110

---

**From:** Williams-Schafer, Alyssa

1

: 01118

**Cc:** Huntley, Edward; Diers, Joel M.
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

*M,*

I am still waiting for a response from legal. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, February 26, 2010 9:47 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Are still waiting on Legal to say if maybe we should discharge him?  I knew they hadn't answered you on Tuesday.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Tuesday, February 23, 2010 2:08 PM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just checking – guess you haven't heard anymore on this one.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Tuesday, February 23, 2010 8:39 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Good Morning Glenn:  I left a voice mail for you this morning.  Please give me a call when you get in.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Jackson, Glenn
**Sent:** Monday, February 22, 2010 4:35 PM
**To:** Littlejohn, Michele
**Subject:** RE: Possible Release N91995 David Armato

4

: 01062

**From:** Jackson, Glenn
**Sent:** Friday, March 19, 2010 10:00 AM
**To:** Littlejohn, Michele
**Subject:** RE: Possible Release N91995 David Armato

The AG's Office has been contacted and we are waiting for a response. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

**From:** Littlejohn, Michele
**Sent:** Friday, March 19, 2010 8:28 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

A reminder on this and I wanted to let you know the inmate is filing a grievance on this that will be sent to the ARB.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

**From:** Littlejohn, Michele
**Sent:** Friday, March 12, 2010 8:05 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just checking on this one again.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

**From:** Littlejohn, Michele
**Sent:** Friday, March 05, 2010 8:48 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Hi Glenn:

Just a reminder on this - Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

**From:** Jackson, Glenn
**Sent:** Friday, February 26, 2010 10:02 AM
**To:** Littlejohn, Michele

3

: 01061

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Friday, March 05, 2010 9:12 AM |
| **To:** | Huntley, Edward |
| **Cc:** | Diers, Joel M. |
| **Subject:** | FW: Possible Release N91995 David Armato |

Mr. Huntley,

This is the case I called, emailed and provided you the mittimus on. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, March 05, 2010 8:48 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Hi Glenn:

Just a reminder on this - Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Jackson, Glenn
**Sent:** Friday, February 26, 2010 10:02 AM
**To:** Littlejohn, Michele
**Cc:** Huntley, Edward; Diers, Joel M.
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

M,

I am still waiting for a response from legal. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, February 26, 2010 9:47 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

1

: 01112

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Friday, March 12, 2010 8:42 AM |
| **To:** | Huntley, Edward |
| **Cc:** | Diers, Joel M. |
| **Subject:** | FW: Possible Release N91995 David Armato |

Mr. Huntley,

This is the case I called and emailed you on. As mentioned before, Joel and Ken (PRB) suggested that the case be referred to the AG's office. Please let me how you wish for us to proceed. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, March 12, 2010 8:05 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just checking on this one again.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, March 05, 2010 8:48 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Hi Glenn:

Just a reminder on this - Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Jackson, Glenn
**Sent:** Friday, February 26, 2010 10:02 AM
**To:** Littlejohn, Michele
**Cc:** Huntley, Edward; Diers, Joel M.
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

M,

1

Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 16, 2010 8:00 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Thursday, April 08, 2010 8:36 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder on this.  The PRB heard him this week.  Mr. Altoff called me about his situation while he was hearing him.   He then called the PRB's attorney to see what to do.  The PRB said to find him not a violator and let DOC handle it but that they thought Armato had a lawsuit.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 02, 2010 8:04 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Just a reminder.  Thanks

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Friday, March 26, 2010 8:07 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Also on this, the Prisoner Review Board will be seeing him on his violation on April 7 when they are here.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

2

: 01060

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Tuesday, April 27, 2010 9:09 AM |
| **To:** | Huntley, Edward |
| **Subject:** | RE: Possible Release N91995 David Armato |

Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

-----Original Message-----
From: Huntley, Edward
Sent: Monday, April 26, 2010 9:49 AM
To: Jackson, Glenn
Subject: RE: Possible Release N91995 David Armato

Glenn, let me touch base with the AG again.  It has been a while since I have heard from them
on this one.  I will keep you posted. Thanks.

Ed

-----Original Message-----
From: "Jackson, Glenn" <GLENN.JACKSON@doc.illinois.gov>
To: "Huntley, Edward" <EDWARD.HUNTLEY@doc.illinois.gov>; "Diers, Joel M."
<JOEL.DIERS@doc.illinois.gov>
Cc: "Rose, Joseph W." <JOSEPH.W.ROSE@doc.illinois.gov>
Sent: 4/23/2010 11:08 AM
Subject: FW: Possible Release N91995 David Armato


Ed,

Has a decision been made on how to proceed with this situation? Michele is sending me weekly
reminders dating back to February. Not to mention, she is documenting all her contacts in the
master file. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

_____

From: Littlejohn, Michele
Sent: Friday, April 23, 2010 7:55 AM
To: Jackson, Glenn
Subject: FW: Possible Release N91995 David Armato

Is the AG's office still working on this one?  I know there will be a lawsuit coming on it.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center

1

: **01076**

**Fanning, Robert**

| | |
|---|---|
| **From:** | Jackson, Glenn [GLENN.JACKSON@doc.illinois.gov] |
| **Sent:** | Thursday, April 29, 2010 9:06 AM |
| **To:** | Huntley, Edward; Diers, Joel M. |
| **Cc:** | Rose, Joseph W. |
| **Subject:** | FW: Possible Release N91995 David Armato |
| **Importance:** | High |

*FYI*

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Thursday, April 29, 2010 8:06 AM
**To:** Jackson, Glenn
**Subject:** RE: Possible Release N91995 David Armato

Just an update – we received the board order on him – found not a violator.  We will violate him at the door again today.

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone:  618-546-5659

---

**From:** Jackson, Glenn
**Sent:** Friday, April 23, 2010 9:54 AM
**To:** Littlejohn, Michele
**Subject:** RE: Possible Release N91995 David Armato
**Importance:** High

Michele,

It's my understanding the AG's Office is reviewing the matter. I will contact you when I get a decision. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, April 23, 2010 7:55 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Is the AG's office still working on this one?  I know there will be a lawsuit coming on it.

Michele Littlejohn

1

: 01059

**Fanning, Robert**

| | |
|---|---|
| **From:** | Huntley, Edward [EDWARD.HUNTLEY@doc.illinois.gov] |
| **Sent:** | Friday, May 21, 2010 12:05 PM |
| **To:** | Jackson, Glenn |
| **Cc:** | Rose, Joseph W.; Williams-Schafer, Alyssa; Diers, Joel M. |
| **Subject:** | RE: Possible Release N91995 David Armato |

Glenn, the AG's Office has declined to pursue a request to the court that the sentencing orders be modified or otherwise move for leave to intervene on behalf of the Department in this case. That being so, I believe we have exhausted the potential alternatives and will have to let Armato go as a discharge. I suppose we should show it as a court-ordered discharge as that is exactly what it is. Let me know if you need anything further. Thanks.

Ed

---

**From:** Jackson, Glenn
**Sent:** Friday, May 21, 2010 11:31 AM
**To:** Huntley, Edward
**Cc:** Rose, Joseph W.; Diers, Joel M.
**Subject:** FW: Possible Release N91995 David Armato

Mr. Huntley,

Has the AG's Office given you a decision on this case yet? This is dating back to February. Thanks

Glenn M. Jackson
Chief Record Officer
Concordia Court
(217) 558-2200 ext. 3020

---

**From:** Littlejohn, Michele
**Sent:** Friday, May 21, 2010 8:19 AM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Checking on this one

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center
Phone: 618-546-5659

---

**From:** Littlejohn, Michele
**Sent:** Thursday, May 13, 2010 1:49 PM
**To:** Jackson, Glenn
**Subject:** FW: Possible Release N91995 David Armato

Michele Littlejohn
Office Administrative Specialist
Robinson Correctional Center

1

: 01070

Westlaw.

IL LEGIS 95-1052 (2008)                                         Page 1
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

### ILLINOIS 2008 LEGISLATIVE SERVICE
#### Ninety-Fifth General Assembly, 2008

Additions are indicated by **Text**; deletions by
~~Text~~. Changes in tables are made but not highlighted.

### PUBLIC ACT 95–1052
#### S.B. 100
#### CORRECTIONS—CRIMINAL LAW—SENTENCING GUIDELINES

AN ACT concerning criminal law.

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

Section 5. The Unified Code of Corrections is amended by adding Article 4.5 to Chapter V as follows:
**[S.H.A. 730 ILCS 5/Ch. V. Art. 4.5 heading]** (730 ILCS 5/Ch. V. Art. 4.5 heading new)

### ARTICLE 4.5. GENERAL SENTENCING PROVISIONS

<< IL ST CH 730 § 5/5–4.5–5 >>

**[S.H.A. 730 ILCS 5/5–4.5–5]** (730 ILCS 5/5–4.5–5 new)
**§ 5–4.5–5. STANDARD SENTENCING. Except as specifically provided elsewhere, this Article governs sentencing for offenses.**

<< IL ST CH 730 § 5/5–4.5–10 >>

**[S.H.A. 730 ILCS 5/5–4.5–10]** (730 ILCS 5/5–4.5–10 new)
**§ 5–4.5–10. OFFENSE CLASSIFICATIONS.**
**(a) FELONY CLASSIFICATIONS. Felonies are classified, for the purpose of sentencing, as follows:**
**(1) First degree murder (as a separate class of felony).**
**(2) Class X felonies.**
**(3) Class 1 felonies.**
**(4) Class 2 felonies.**
**(5) Class 3 felonies.**
**(6) Class 4 felonies.**
**(b) MISDEMEANOR CLASSIFICATIONS. Misdemeanors are classified, for the purpose of sentencing, as follows:**
**(1) Class A misdemeanors.**
**(2) Class B misdemeanors.**
**(3) Class C misdemeanors.**
**(c) PETTY AND BUSINESS OFFENSES. Petty offenses and business offenses are not classified.**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.



IL LEGIS 95-1052 (2008)                                                      Page 40
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

tion 5–5–3 of this Code or Section 11–501 of the Illinois Vehicle Code at the time of initial sentencing.
(f) The conditions of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice to the defendant and a hear- ing.
(g) A judgment revoking supervision is a final appealable order.
(h) Resentencing after revocation of conditional discharge or of supervision shall be under Article 4. Time served on conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise.

(Source: P.A. 93–800, eff. 1–1–05.)

<< IL ST CH 730 § 5/5–7–8 >>

**[S.H.A. 730 ILCS 5/5–7–8]** (730 ILCS 5/5–7–8) (from Ch. 38, par. 1005–7–8)
§ 5–7–8. Subsequent Sentences. (a) The service of a sentence of imprisonment shall satisfy any sentence of peri- odic imprisonment which was imposed on an offender for an offense committed prior to the imposition of the sentence. An offender who is serving a sentence of periodic imprisonment at the time a sentence of imprison- ment is imposed shall be delivered to the custody of the Department of Corrections to commence service of the sentence immediately.
(b) If a sentence of imprisonment under Section **5–4.5–55, 5–4.5–60, or 5–4.5–65 (730 ILCS 5/5–4.5–55, 5/5–4.5–60, or 5/5–4.5–65)** 5–8–3 is imposed on an offender who is under a previously imposed sentence of periodic imprisonment, such person shall commence service of the sentence immediately. Where such sentence is for a term in excess of 90 days, the service of such sentence shall satisfy the sentence of periodic imprison- ment.

(Source: P.A. 82–717.)

<< IL ST CH 730 § 5/5–8–1 >>

**[S.H.A. 730 ILCS 5/5–8–1]** (730 ILCS 5/5–8–1) (from Ch. 38, par. 1005–8–1)
§ 5–8–1. **Natural life imprisonment; mandatory supervised release** Sentence of Imprisonment for Felony.
(a) Except as otherwise provided in the statute defining the offense **or in Article 4.5 of Chapter V**, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
(1) for first degree murder,
(a) **(blank),** a term shall be not less than 20 years and not more than 60 years; or
(b) if a trier of fact finds beyond a reasonable doubt that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9–1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment, or
(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant,
(i) has previously been convicted of first degree murder under any state or federal law, or
(ii) is a person who, at the time of the commission of the murder, had attained the age of 17 or more and is found guilty of murdering an individual under 12 years of age; or, irrespective of the defendant's age at the time of the commission of the offense, is found guilty of murdering more than one victim, or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

(iii) is found guilty of murdering a peace officer, fireman, or emergency management worker when the peace officer, fireman, or emergency management worker was killed in the course of performing his official duties, or to prevent the peace officer or fireman from performing his official duties, or in retaliation for the peace officer, fireman, or emergency management worker from performing his official duties, and the defendant knew or should have known that the murdered individual was a peace officer, fireman, or emergency management worker, or

(iv) is found guilty of murdering an employee of an institution or facility of the Department of Corrections, or any similar local correctional agency, when the employee was killed in the course of performing his official duties, or to prevent the employee from performing his official duties, or in retaliation for the employee performing his official duties, or

(v) is found guilty of murdering an emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver or other medical assistance or first aid person while employed by a municipality or other governmental unit when the person was killed in the course of performing official duties or to prevent the person from performing official duties or in retaliation for performing official duties and the defendant knew or should have known that the murdered individual was an emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver, or other medical assistant or first aid personnel, or

(vi) is a person who, at the time of the commission of the murder, had not attained the age of 17, and is found guilty of murdering a person under 12 years of age and the murder is committed during the course of aggravated criminal sexual assault, criminal sexual assault, or aggravated kidnaping, or

(vii) is found guilty of first degree murder and the murder was committed by reason of any person's activity as a community policing volunteer or to prevent any person from engaging in activity as a community policing volunteer. For the purpose of this Section, "community policing volunteer" has the meaning ascribed to it in Section 2–3.5 of the Criminal Code of 1961.

For purposes of clause (v), "emergency medical technician—ambulance", "emergency medical technician—intermediate", "emergency medical technician—paramedic", have the meanings ascribed to them in the Emergency Medical Services (EMS) Systems Act.

(d)(i) if the person committed the offense while armed with a firearm, 15 years shall be added to the term of imprisonment imposed by the court;

(ii) if, during the commission of the offense, the person personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court;

(iii) if, during the commission of the offense, the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.

(1.5) for second degree murder, a term shall be not less than 4 years and not more than 20 years;

(2) **(blank)** for a person adjudged a habitual criminal under Article 33B of the Criminal Code of 1961, as amended, the sentence shall be a term of natural life imprisonment;

(2.5) for a person convicted under the circumstances described in paragraph (3) of subsection (b) of Section 12–13, paragraph (2) of subsection (d) of Section 12–14, paragraph (1.2) of subsection (b) of Section 12–14.1, or paragraph (2) of subsection (b) of Section 12–14.1 of the Criminal Code of 1961, the sentence shall be a term of natural life imprisonment**. ;**

(3) except as otherwise provided in the statute defining the offense, for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years;

(4) for a Class 1 felony, other than second degree murder, the sentence shall be not less than 4 years and not

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

more than 15 years;

~~(5) for a Class 2 felony, the sentence shall be not less than 3 years and not more than 7 years;~~

~~(6) for a Class 3 felony, the sentence shall be not less than 2 years and not more than 5 years;~~

~~(7) for a Class 4 felony, the sentence shall be not less than 1 year and not more than 3 years.~~

(b) **(Blank.)** ~~The sentencing judge in each felony conviction shall set forth his reasons for imposing the particular sentence he enters in the case, as provided in Section 5-4-1 of this Code. Those reasons may include any mitigating or aggravating factors specified in this Code, or the lack of any such circumstances, as well as any other such factors as the judge shall set forth on the record that are consistent with the purposes and principles of sentencing set out in this Code.~~

(c) **(Blank.)** ~~A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence. However, the court may not increase a sentence once it is imposed.~~

~~If a motion filed pursuant to this subsection is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.~~

~~If a motion filed pursuant to this subsection is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.~~

~~A motion filed pursuant to this subsection shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing.~~

(d) ~~Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term.~~ Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:

(1) for first degree murder or a Class X felony except for the offenses of predatory criminal sexual assault of a child, aggravated criminal sexual assault, and criminal sexual assault if committed on or after the effective date of this amendatory Act of the 94th General Assembly and except for the offense of aggravated child pornography under Section 11–20.3 of the Criminal Code of 1961, if committed on or after January 1, 2009, 3 years;

(2) for a Class 1 felony or a Class 2 felony except for the offense of criminal sexual assault if committed on or after the effective date of this amendatory Act of the 94th General Assembly and except for the offenses of manufacture and dissemination of child pornography under clauses (a)(1) and (a)(2) of Section 11–20.1 of the Criminal Code of 1961, if committed on or after January 1, 2009, 2 years;

(3) for a Class 3 felony or a Class 4 felony, 1 year;

(4) for defendants who commit the offense of predatory criminal sexual assault of a child, aggravated criminal sexual assault, or criminal sexual assault, on or after the effective date of this amendatory Act of the 94th General Assembly, or who commit the offense of aggravated child pornography, manufacture of child pornography, or dissemination of child pornography after January 1, 2009, the term of mandatory supervised release shall range from a minimum of 3 years to a maximum of the natural life of the defendant;

(5) if the victim is under 18 years of age, for a second or subsequent offense of aggravated criminal sexual abuse or felony criminal sexual abuse, 4 years, at least the first 2 years of which the defendant shall serve in an electronic home detention program under Article 8A of Chapter V of this Code.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

Page 43

(e) **(Blank.)** ~~A defendant who has a previous and unexpired sentence of imprisonment imposed by another state or by any district court of the United States and who, after sentence for a crime in Illinois, must return to serve the unexpired prior sentence may have his sentence by the Illinois court ordered to be concurrent with the prior sentence in the other state. The court may order that any time served on the unexpired portion of the sentence in the other state, prior to his return to Illinois, shall be credited on his Illinois sentence. The other state shall be furnished with a copy of the order imposing sentence which shall provide that, when the offender is released from confinement of the other state, whether by parole or by termination of sentence, the offender shall be transferred by the Sheriff of the committing county to the Illinois Department of Corrections. The court shall cause the Department of Corrections to be notified of such sentence at the time of commitment and to be provided with copies of all records regarding the sentence.~~

(f) **(Blank.)** ~~A defendant who has a previous and unexpired sentence of imprisonment imposed by an Illinois circuit court for a crime in this State and who is subsequently sentenced to a term of imprisonment by another state or by any district court of the United States and who has served a term of imprisonment imposed by the other state or district court of the United States, and must return to serve the unexpired prior sentence imposed by the Illinois Circuit Court may apply to the court which imposed sentence to have his sentence reduced.~~

~~The circuit court may order that any time served on the sentence imposed by the other state or district court of the United States be credited on his Illinois sentence. Such application for reduction of a sentence under this subsection (f) shall be made within 30 days after the defendant has completed the sentence imposed by the other state or district court of the United States.~~

(Source: P.A. 94–165, eff. 7–11–05; 94–243, eff. 1–1–06; 94–715, eff. 12–13–05; 95–983, eff. 6–1–09.)

<< IL ST CH 730 § 5/5–8–2 >>

**[S.H.A. 730 ILCS 5/5–8–2]** (730 ILCS 5/5–8–2) (from Ch. 38, par. 1005–8–2)

§ 5–8–2. Extended Term.

(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5–8–1 **(730 ILCS 5/5–8–1) or Article 4.5 of Chapter V** for **an offense or offenses within** the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in ~~paragraph (b)~~ of Section 5–5–3.2 or clause (a)(1)(b) of Section 5–8–1 were found to be present. If the pre-trial and trial proceedings were conducted in compliance with subsection (c–5) of Section 111–3 of the Code of Criminal Procedure of 1963, the judge may sentence an offender **to an extended term as provided in Article 4.5 of Chapter V (730 ILCS 5/Ch. V, Art. 4.5).** ~~to the following:~~

~~(1) for first degree murder, a term shall be not less than 60 years and not more than 100 years;~~

~~(2) for a Class X felony, a term shall be not less than 30 years and not more than 60 years;~~

~~(3) for a Class 1 felony, a term shall be not less than 15 years and not more than 30 years;~~

~~(4) for a Class 2 felony, a term shall be not less than 7 years and not more than 14 years;~~

~~(5) for a Class 3 felony, a term shall not be less than 5 years and not more than 10 years;~~

~~(6) for a Class 4 felony, a term shall be not less than 3 years and not more than 6 years;~~

(b) If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice.

(Source: P.A. 92–591, eff. 6–27–02; 93–900, eff. 1–1–05.)

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

Page 44

<< IL ST CH 730 § 5/5–8–4 >>

**[S.H.A. 730 ILCS 5/5–8–4]** (730 ILCS 5/5–8–4) (from Ch. 38, par. 1005–8–4)

**§ 5–8–4. CONCURRENT AND CONSECUTIVE TERMS OF IMPRISONMENT** ~~Concurrent and Consecutive Terms of Imprisonment.~~

(a) CONCURRENT TERMS; MULTIPLE OR ADDITIONAL SENTENCES. When an Illinois court (i) imposes multiple sentences of imprisonment on a defendant at the same time or (ii) imposes a sentence of imprisonment on a defendant who is already subject to a sentence of imprisonment imposed by an Illinois court, a court of another state, or a federal court, then the sentences shall run concurrently unless otherwise determined by the Illinois court under this Section.

(b) CONCURRENT TERMS; MISDEMEANOR AND FELONY. A defendant serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence.

(c) CONSECUTIVE TERMS; PERMISSIVE. The court may impose consecutive sentences in any of the following circumstances:

(1) If, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the court that consecutive sentences are required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record.

(2) If one of the offenses for which a defendant was convicted was a violation of Section 32–5.2 (aggravated false personation of a peace officer) of the Criminal Code of 1961 (720 ILCS 5/32–5.2) and the offense was committed in attempting or committing a forcible felony.

(d) CONSECUTIVE TERMS; MANDATORY. The court shall impose consecutive sentences in each of the following circumstances:

(1) One of the offenses for which the defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury.

(2) The defendant was convicted of a violation of Section 12–13 (criminal sexual assault), 12–14 (aggravated criminal sexual assault), or 12–14.1 (predatory criminal sexual assault of a child) of the Criminal Code of 1961 (720 ILCS 5/12–13, 5/12–14, or 5/12–14.1).

(3) The defendant was convicted of armed violence based upon the predicate offense of any of the following: solicitation of murder, solicitation of murder for hire, heinous battery, aggravated battery of a senior citizen, criminal sexual assault, a violation of subsection (g) of Section 5 of the Cannabis Control Act (720 ILCS 550/5), cannabis trafficking, a violation of subsection (a) of Section 401 of the Illinois Controlled Substances Act (720 ILCS 570/401), controlled substance trafficking involving a Class X felony amount of controlled substance under Section 401 of the Illinois Controlled Substances Act (720 ILCS 570/401), a violation of the Methamphetamine Control and Community Protection Act (720 ILCS 646/), calculated criminal drug conspiracy, or streetgang criminal drug conspiracy.

(4) The defendant was convicted of the offense of leaving the scene of a motor vehicle accident involving death or personal injuries under Section 11–401 of the Illinois Vehicle Code (625 ILCS 5/11–401) and either: (A) aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof under Section 11–501 of the Illinois Vehicle Code (625 ILCS 5/11–501), (B) reckless homicide under Section 9–3 of the Criminal Code of 1961 (720 ILCS 5/9–3), or (C) both an offense described in item (A) and an offense described in item (B).

(5) The defendant was convicted of a violation of Section 9–3.1 (concealment of homicidal death) or Section 12–20.5 (dismembering a human body) of the Criminal Code of 1961 (720 ILCS 5/9–3.1 or 5/12–20.5).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

(6) If the defendant was in the custody of the Department of Corrections at the time of the commission of the offense, the sentence shall be served consecutive to the sentence under which the defendant is held by the Department of Corrections. If, however, the defendant is sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which the defendant may be held by the Department.

(7) A sentence under Section 3–6–4 (730 ILCS 5/3–6–4) for escape or attempted escape shall be served consecutive to the terms under which the offender is held by the Department of Corrections.

(8) If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered.

(8.5) If a person commits a battery against a county correctional officer or sheriff's employee while serving a sentence or in pretrial detention in a county jail facility, then the sentence imposed upon conviction of the battery shall be served consecutively with the sentence imposed upon conviction of the earlier misdemeanor or felony, regardless of the order in which the judgments of conviction are entered.

(9) If a person admitted to bail following conviction of a felony commits a separate felony while free on bond or if a person detained in a county jail facility or county detention facility following conviction of a felony commits a separate felony while in detention, then any sentence following conviction of the separate felony shall be consecutive to that of the original sentence for which the defendant was on bond or de- tained.

(10) If a person is found to be in possession of an item of contraband, as defined in clause (c)(2) of Section 31A–1.1 of the Criminal Code of 1961, while serving a sentence in a county jail or while in pre-trial detention in a county jail, the sentence imposed upon conviction for the offense of possessing contraband in a penal institution shall be served consecutively to the sentence imposed for the offense in which the person is serving sentence in the county jail or serving pretrial detention, regardless of the order in which the judgments of conviction are entered.

(e) CONSECUTIVE TERMS; SUBSEQUENT NON–ILLINOIS TERM. If an Illinois court has imposed a sentence of imprisonment on a defendant and the defendant is subsequently sentenced to a term of imprisonment by a court of another state or a federal court, then the Illinois sentence shall run consecutively to the sentence imposed by the court of the other state or the federal court. That same Illinois court, however, may order that the Illinois sentence run concurrently with the sentence imposed by the court of the other state or the federal court, but only if the defendant applies to that same Illinois court within 30 days after the sentence imposed by the court of the other state or the federal court is finalized.

(f) CONSECUTIVE TERMS; AGGREGATE MAXIMUMS AND MINIMUMS. The aggregate maximum and aggregate minimum of consecutive sentences shall be determined as follows:

(1) For sentences imposed under law in effect prior to February 1, 1978, the aggregate maximum of consecutive sentences shall not exceed the maximum term authorized under Section 5–8–1 (730 ILCS 5/5–8–1) or Article 4.5 of Chapter V for the 2 most serious felonies involved. The aggregate minimum period of consecutive sentences shall not exceed the highest minimum term authorized under Section 5–8–1 (730 ILCS 5/5–8–1) or Article 4.5 of Chapter V for the 2 most serious felonies involved. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.

(2) For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective shall not exceed the sum of the maximum

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)                                                              Page 46
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

terms authorized under Section 5–8–2 (730 ILCS 5/5–8–2) for the 2 most serious felonies involved, but no such limitation shall apply for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.

(g) CONSECUTIVE TERMS; MANNER SERVED. In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the defendant as though he or she had been committed for a single term subject to each of the following:

(1) The maximum period of a term of imprisonment shall consist of the aggregate of the maximums of the imposed indeterminate terms, if any, plus the aggregate of the imposed determinate sentences for felonies, plus the aggregate of the imposed determinate sentences for misdemeanors, subject to subsection (f) of this Section.

(2) The parole or mandatory supervised release term shall be as provided in paragraph (e) of Section 5–4.5–50 (730 ILCS 5/5–4.5–50) for the most serious of the offenses involved.

(3) The minimum period of imprisonment shall be the aggregate of the minimum and determinate periods of imprisonment imposed by the court, subject to subsection (f) of this Section.

(4) The defendant shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof at the rate specified in Section 3–6–3 (730 ILCS 5/3–6–3).

~~(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. When one of the offenses for which a defendant was convicted was a violation of Section 32–5.2 of the Criminal Code of 1961 and the offense was committed in attempting or committing a forcible felony, the court may impose consecutive sentences. When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois term be made concurrent with the sentence imposed by the other state or district court of the United States. The defendant must apply to the circuit court within 30 days after the defendant's sentence imposed by the other state or district of the United States is finalized. The court shall impose consecutive sentences if:~~

~~(i) one of the offenses for which defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or~~

~~(ii) the defendant was convicted of a violation of Section 12–13, 12–14, or 12–14.1 of the Criminal Code of 1961, or~~

~~(iii) the defendant was convicted of armed violence based upon the predicate offense of solicitation of murder, solicitation of murder for hire, heinous battery, aggravated battery of a senior citizen, criminal sexual assault, a violation of subsection (g) of Section 5 of the Cannabis Control Act, cannabis trafficking, a violation of subsection (a) of Section 401 of the Illinois Controlled Substances Act, controlled substance trafficking involving a Class X felony amount of controlled substance under Section 401 of the Illinois Controlled Substances Act, a violation of the Methamphetamine Control and Community Protection Act, calculated criminal drug conspiracy, or streetgang criminal drug conspiracy, or~~

~~(iv) the defendant was convicted of the offense of leaving the scene of a motor vehicle accident involving death or personal injuries under Section 11–401 and either: (A) aggravated driving under the influence of alcohol, oth-~~

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

er drug or drugs, or intoxicating compound or compounds, or any combination thereof under Section 11-501 of the Illinois Vehicle Code; or (B) reckless homicide under Section 9-3 of the Criminal Code of 1961; or both an offense described in subdivision (A) and an offense described in subdivision (B); or

(v) the defendant was convicted of a violation of Section 9-3.1 (concealment of homicidal death) or Section 12-20.5 (dismembering a human body) of the Criminal Code of 1961;

in which event the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court.

(b) Except in cases where consecutive sentences are mandated, the court shall impose concurrent sentences unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that consecutive sentences are required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record.

(c)(1) For sentences imposed under law in effect prior to February 1, 1978 the aggregate maximum of consecutive sentences shall not exceed the maximum term authorized under Section 5-8-1 for the 2 most serious felonies involved. The aggregate minimum period of consecutive sentences shall not exceed the highest minimum term authorized under Section 5-8-1 for the 2 most serious felonies involved. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.

(2) For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective shall not exceed the sum of the maximum terms authorized under Section 5-8-2 for the 2 most serious felonies involved, but no such limitation shall apply for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.

(d) An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence.

(e) In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:

(1) the maximum period of a term of imprisonment shall consist of the aggregate of the maximums of the imposed indeterminate terms, if any, plus the aggregate of the imposed determinate sentences for felonies plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section;

(2) the parole or mandatory supervised release term shall be as provided in paragraph (e) of Section 5-8-1 of this Code for the most serious of the offenses involved;

(3) the minimum period of imprisonment shall be the aggregate of the minimum and determinate periods of imprisonment imposed by the court, subject to paragraph (c) of this Section; and

(4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof at the rate specified in Section 3-6-3 of this Code.

(f) A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections. However, in case such offender shall be sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which such offender may be held by the De-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

Page 48

partment.

~~(g) A sentence under Section 3–6–4 for escape or attempted escape shall be served consecutive to the terms under which the offender is held by the Department of Corrections.~~

~~(h) If a person charged with a felony commits a separate felony while on pre-trial release or in pretrial detention in a county jail facility or county detention facility, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered.~~

~~(h–1) If a person commits a battery against a county correctional officer or sheriff's employee while serving a sentence or in pretrial detention in a county jail facility; then the sentence imposed upon conviction of the battery shall be served consecutively with the sentence imposed upon conviction of the earlier misdemeanor or felony, regardless of the order in which the judgments of conviction are entered.~~

~~(i) If a person admitted to bail following conviction of a felony commits a separate felony while free on bond or if a person detained in a county jail facility or county detention facility following conviction of a felony commits a separate felony while in detention, any sentence following conviction of the separate felony shall be consecutive to that of the original sentence for which the defendant was on bond or detained.~~

~~(j) If a person is found to be in possession of an item of contraband, as defined in clause (c)(2) of Section 31A–1.1 of the Criminal Code of 1961, while serving a sentence in a penal institution or while in pre-trial detention in a county jail; the sentence imposed upon conviction for the offense of possessing contraband in a penal institution shall be served consecutively to the sentence imposed for the offense in which the person is serving sentence in the county jail or serving pretrial detention, regardless of the order in which the judgments of conviction are entered.~~

(Source: P.A. 94–556, eff. 9–11–05; 94–985, eff. 1–1–07; 95–379, eff. 8–23–07; 95–766, eff. 1–1–09.)

<< IL ST CH 730 § 5/5–9–1 >>

**[S.H.A. 730 ILCS 5/5–9–1]** (730 ILCS 5/5–9–1) (from Ch. 38, par. 1005–9–1)

§ 5–9–1. Authorized fines.

(a) An offender may be sentenced to pay a fine **as provided in Article 4.5 of Chapter V.** ~~which shall not exceed for each offense:~~

~~(1) for a felony, $25,000 or the amount specified in the offense, whichever is greater; or where the offender is a corporation, $50,000 or the amount specified in the offense, whichever is greater;~~

~~(2) for a Class A misdemeanor, $2,500 or the amount specified in the offense, whichever is greater;~~

~~(3) for a Class B or Class C misdemeanor, $1,500;~~

~~(4) for a petty offense, $1,000 or the amount specified in the offense, whichever is less;~~

~~(5) for a business offense, the amount specified in the statute defining that offense.~~

(b) **(Blank.)** ~~A fine may be imposed in addition to a sentence of conditional discharge, probation, periodic imprisonment, or imprisonment.~~

(c) There shall be added to every fine imposed in sentencing for a criminal or traffic offense, except an offense relating to parking or registration, or offense by a pedestrian, an additional penalty of $10 for each $40, or fraction thereof, of fine imposed. The additional penalty of $10 for each $40, or fraction thereof, of fine imposed, if not otherwise assessed, shall also be added to every fine imposed upon a plea of guilty, stipulation of facts or findings of guilty, resulting in a judgment of conviction, or order of supervision in criminal, traffic, local ordinance, county ordinance, and conservation cases (except parking, registration, or pedestrian violations), or upon a sentence of probation without entry of judgment under Section 10 of the Cannabis Control Act, Section 410 of the Illinois Controlled Substances Act, or Section 70 of the Methamphetamine Control and Community Protection Act.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

Page 49

Such additional amounts shall be assessed by the court imposing the fine and shall be collected by the Circuit Clerk in addition to the fine and costs in the case. Each such additional penalty shall be remitted by the Circuit Clerk within one month after receipt to the State Treasurer. The State Treasurer shall deposit $1 for each $40, or fraction thereof, of fine imposed into the LEADS Maintenance Fund. The State Treasurer shall deposit $1 for each $40, or fraction thereof, of fine imposed into the Law Enforcement Camera Grant Fund. The remaining surcharge amount shall be deposited into the Traffic and Criminal Conviction Surcharge Fund, unless the fine, costs or additional amounts are subject to disbursement by the circuit clerk under Section 27.5 of the Clerks of Courts Act. Such additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing. Not later than March 1 of each year the Circuit Clerk shall submit a report of the amount of funds remitted to the State Treasurer under this subsection (c) during the preceding calendar year. Except as otherwise provided by Supreme Court Rules, if a court in imposing a fine against an offender levies a gross amount for fine, costs, fees and penalties, the amount of the additional penalty provided for herein shall be computed on the amount remaining after deducting from the gross amount levied all fees of the Circuit Clerk, the State's Attorney and the Sheriff. After deducting from the gross amount levied the fees and additional penalty provided for herein, less any other additional penalties provided by law, the clerk shall remit the net balance remaining to the entity authorized by law to receive the fine imposed in the case. For purposes of this Section "fees of the Circuit Clerk" shall include, if applicable, the fee provided for under Section 27.3a of the Clerks of Courts Act and the fee, if applicable, payable to the county in which the violation occurred pursuant to Section 5–1101 of the Counties Code.

(c–5) In addition to the fines imposed by subsection (c), any person convicted or receiving an order of supervision for driving under the influence of alcohol or drugs shall pay an additional $100 fee to the clerk. This additional fee, less 2 1/2% that shall be used to defray administrative costs incurred by the clerk, shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Trauma Center Fund. This additional fee of $100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing. Not later than March 1 of each year the Circuit Clerk shall submit a report of the amount of funds remitted to the State Treasurer under this subsection (c–5) during the preceding calendar year.

The Circuit Clerk may accept payment of fines and costs by credit card from an offender who has been convicted of a traffic offense, petty offense or misdemeanor and may charge the service fee permitted where fines and costs are paid by credit card provided for in Section 27.3b of the Clerks of Courts Act.

(c–7) In addition to the fines imposed by subsection (c), any person convicted or receiving an order of supervision for driving under the influence of alcohol or drugs shall pay an additional $5 fee to the clerk. This additional fee, less 2 1/2% that shall be used to defray administrative costs incurred by the clerk, shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund. This additional fee of $5 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing. Not later than March 1 of each year the Circuit Clerk shall submit a report of the amount of funds remitted to the State Treasurer under this subsection (c–7) during the preceding calendar year.

(c–9) (Blank).

(d) In determining the amount and method of payment of a fine, except for those fines established for violations of Chapter 15 of the Illinois Vehicle Code, the court shall consider:

(1) the financial resources and future ability of the offender to pay the fine; and

(2) whether the fine will prevent the offender from making court ordered restitution or reparation to the victim of the offense; and

(3) in a case where the accused is a dissolved corporation and the court has appointed counsel to represent the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

IL LEGIS 95-1052 (2008)
2008 Ill. Legis. Serv. P.A. 95-1052 (S.B. 100) (WEST)

corporation, the costs incurred either by the county or the State for such representation.

(e) The court may order the fine to be paid forthwith or within a specified period of time or in installments.

(f) All fines, costs and additional amounts imposed under this Section for any violation of Chapters 3, 4, 6, and 11 of the Illinois Vehicle Code, or a similar provision of a local ordinance, and any violation of the Child Passenger Protection Act, or a similar provision of a local ordinance, shall be collected and disbursed by the circuit clerk as provided under Section 27.5 of the Clerks of Courts Act.

(Source: P.A. 93–32, eff. 6–20–03; 94–556, eff. 9–11–05; 94–652, eff. 8–22–05; 94–987, eff. 6–30–06.)

<< Repealed: IL ST CH 720 § 5/33B–1, 720 § 5/33B–2, 720 § 5/33B–3 >>

**[S.H.A. 720 ILCS 5/Art. 33B rep.]** (720 ILCS 5/Art. 33B rep.)

Section 93. The Criminal Code of 1961 is amended by repealing all of Article 33B.

<< Repealed: IL ST CH 730 § 5/5–5–1, 730 § 5/5–5–2, 730 § 5/5–8–3, 730 § 5/5–8–7 >>

**[S.H.A. 730 ILCS 5/5–5–1 rep.]** (730 ILCS 5/5–5–1 rep.)
**[S.H.A. 730 ILCS 5/5–5–2 rep.]** (730 ILCS 5/5–5–2 rep.)
**[S.H.A. 730 ILCS 5/5–8–3 rep.]** (730 ILCS 5/5–8–3 rep.)
**[S.H.A. 730 ILCS 5/5–8–7 rep.]** (730 ILCS 5/5–8–7 rep.)

Section 95. The Unified Code of Corrections is amended by repealing Sections 5–5–1, 5–5–2, 5–8–3, and 5–8–7.

Section 99. Effective date. This Act takes effect July 1, 2009.

Approved: April 10, 2009

Effective: July 1, 2009

IL LEGIS 95-1052 (2008)

IL LEGIS 95-1052 (2008)

**END OF DOCUMENT**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

DAVID ARMATO,            )
                               )
        Plaintiff,       )
                               )
        v.             )      **Court No.: 11 cv 3023**
                               )
RANDY GROUNDS, MICHELE LITTLEJOHN,  )
GLENN JACKSON, DION DIXON, and    )
EDWARD HUNTLEY, all in their individual  )
capacities,                 )
                               )
        Defendants.    )

## AFFIDAVIT OF DAVID ARMATO

I, David Armato, being duly sworn under oath, state that I have personal knowledge of the facts herein and of those contained in the pleadings in this matter, that I am competent and if called to testify in this case, would state as follows:

1.    I am the plaintiff in the above matter and have alleged that I was wrongfully imprisoned beyond my release date by the defendants in this case.

2.    On March 6, 2006, I entered into a plea agreement regarding 05 CF 1661 and 05 CF 5015 following a 402 conference.

3.    Neither during the 402 conference, nor in open court when I entered my plea of guilty, was I informed, advised or admonished that in addition to my agreed 10 year concurrent sentence, that I would be subject to a period of mandatory supervised release.

4.    Before entering my plea of guilty, I never contemplated or was I advised that I would be subject to any period of mandatory supervised release.

5.    The plea agreement that I entered into was the basis for my guilty plea, and that agreement did not include a term of mandatory supervised release.

6.    Based upon the three February 18, 2010 amended sentencing orders I repeatedly

1



requested to be released from the Robinson Correctional Center immediately based upon the courts findings in those orders.

7.    My requests for release were repeatedly denied until May 21, 2010.

_David Armato_

David Armato

November 8, 2012

Sign and Sworned before me
on this 8th day of November, 2012

_Rafael Cruz_

Notary Public

```
OFFICIAL SEAL
RAFAEL CRUZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/20/15
```

2