E-FILED
Monday, 26 November, 2012  12:33:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID ARMATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | No. 11-3023 |
| | ) | |
| RANDY GROUNDS, MICHELE | ) | |
| LITTLEJOHN, GLENN JACKSON, | ) | |
| and DION DIXON, | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, RANDY GROUNDS, MICHELE LITTLEJOHN, EDWARD HUNTLEY, DION DIXON, and GLENN JACKSON, by and through their counsel, Lisa Madigan, Attorney General for the State of Illinois, and hereby Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, stating as follows:

**INTRODUCTION**

On October 16, 2012, Defendants filed a motion for summary judgment and memorandum of law in support of the motion. (Doc. 21, 22). On November 9, 2012, Plaintiff filed a response in opposition of Defendants' motion for summary judgment. (Doc. 24). Plaintiff has failed to present a material issue of fact that would prevent the issuance of summary judgment in favor of the Defendants.

**RESPONSE TO ADDITIONAL UNDISPUTED MATERIAL FACTS**

1.     **MATERIAL and DISPUTED**.  The Sentencing orders may not have specifically provided for a term of Mandatory Supervised Release, but all sentences in Illinois are accompanied by a term of Mandatory Supervised Release.  730 ILCS 5/5-8-1(d);Owens v. Snyder, 349 Ill. App. 3d 35, 45 (2004).

2.     **MATERIAL and UNDISPUTED**.

3.      **MATERIAL and UNDISPUTED.**

4.      **MATERIAL and UNDISPUTED.**

5.      **MATERIAL and UNDISPUTED.**

6.      **MATERIAL and DISPUTED; OBJECTION**.   Defendant Dixon was the Supervisor for the Sex Offender Unit of Parole during the relevant times within the complaint.  (Doc. 22, Defs.' Ex. I, Dixon Aff ¶1).  Defendants object to the statement that Defendant Dixon had the power and authority to release the Plaintiff, because it is made without evidentiary support or foundation.  Plaintiff cites to his amended complaint in order to support this statement, but provides no evidentiary foundation for this conclusory statement and thus it must be stricken.  Fed. R. Civ. Pro. Rule 56 (c)(2).  Defendant Dixon explained within his affidavit the role of a parole officer is to investigate host sites and potential host sites for parolees. (Doc. 22, Defs.' Ex. I, Dixon Aff ¶3).

7.      **MATERIAL and UNDISPUTED.**

8.      **MATERIAL and UNDISPUTED.**

9.      **MATERIAL and UNDISPUTED.**

10.     **MATERIAL and DISPUTED**.  Defendant Jackson specifically stated "there is several different layers in which the calculation is constantly reviewed for accuracy."  (Doc. 22, Defs.' Ex. F, Jackson Depo pg 31 ln 9-11).

11.     **MATERIAL and UNDISPUTED.**

12.     **MATERIAL and DISPUTED**.  The hand written order specifically stated the following:

> 1)      Mr. Armato shall receive credit on 05CF5015 and 05CF161[sic] for 69 days for time in custody from 12/30/05 (date of offense of 05CF5015) through March 6, 2006.  Defendant had not previously received this credit. (Defendant receives this in addition to original credit for time served).

2

2)      Mr. Armato was not admonished on the record regarding any term of mandatory supervised release.

3)      Mr. Armato's mittimus shall be amended to include the additional 69 days credit in paragraph (i) and NO term of mandatory supervised release.

4)      Mr. Armato shall be released from the Department of Corrections, without a term of MSR, on Friday May 28, 2010.

(Doc. 22, Defs.' Ex. J).

13.    **MATERIAL AND UNDISPUTED.**

14.    **MATERIAL and DISPUTED**.  Defendant Littlejohn testified that Defendant Jackson never questioned her calculation of the Plaintiff's sentence based on the amended sentencing orders.  Defendant Littlejohn did not testify that Defendant Jackson never questioned the release date in general.  (Doc. 22, Defs.' Ex. C, Littlejohn Depo pg 23).

15.    **MATERIAL AND UNDISPUTED**.

16.    **MATERIAL AND DISPUTED**.  Defendant Jackson testified that orders are relied upon in calculations of offenders sentences, but when something appears to be wrong with the order, legal guidance is sought.  (Doc. 22, Defs. Ex. F, Jackson Depo pg 20).

17.    **MATERIAL AND DISPUTED**.  Defendant Jackson testified as follows:

Q: Okay.  Are you aware or has Mr. Huntley or an Attorney General or anyone informed you that there is some legal authority that allows you not to follow a court order?

A:      I don't know.

(Doc. 22, Defs.' Ex. F, Jackson Depo pg 29).  Plaintiff cites to a portion of the deposition transcript and argues it states something other than what it does.  Defendant Jackson did not testify that no one provided him with legal authority, nor did he testify that he did not know of legal authority.  Defendant Jackson simply testified that he did not know if anyone informed him of legal authority.

3

18.     **MATERIAL and UNDISPUTED**.

19.     **MATERIAL and UNDISPUTED.**

20.     **MATERIAL and UNDISPUTED.**

21.     **MATERIAL and UNDISPUTED.**

22.     **MATERIAL and UNDISPUTED.**

23.     **MATERIAL and DISPUTED**.  Defendants Huntley and Jackson never testified that a lack of a host site was not an issue.  The portions of the deposition cited to by the Plaintiff for this proposition are referring only to civil commitment.  An individual may be civilly committed pursuant to the Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. Ann. 207/1 *et seq.* (West 2012) ("SVP Act").  The SVP Act effectuates the indefinite civil detention of individuals who have been convicted of a sexually violent offense and who have been found to be "dangerous because [the person] suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence" again.  725 ILCS 207/5(f).  Defendants Jackson and Huntley testified that Plaintiff's past sex offense was discharged and thus made him ineligible for civil commitment under the SVP Act.  (Doc. 22, Defs.' Ex. J, Jackson Depo pg 34); (Doc. 22, Defs.' Ex. G, Huntley Depo pg 34).  However, Defendant Huntley specifically stated that the civil commitment was something "separate and apart" from his obligation as a sex offender to register, have a host site, and be electronically monitored."  (Doc. 22, Defs.' Ex. G, Huntley Depo pg 34-35).

24.     **MATERIAL and UNDISPUTED**.

25.     **MATERIAL and DISPUTED**.  Plaintiff's sex offense was not "moot" as it relates to the terms of mandatory supervised release.  Defendant Jackson is testifying in the cited portion of his deposition that the Plaintiff was not eligible for civil commitment under the SVP Act.  (Doc. 22, Defs.' Ex. J, Jackson Depo pg 25).  The SVP Act is a separate issue to the Plaintiff's terms of mandatory supervised release.  (Doc. 22, Defs.' Ex. G, Huntley Depo, pg 34-35).  Defendant

4

Littlejohn specifically testified to this issue explaining that the problem for the Plaintiff and his release was that there was no host site.  (Doc. 22, Defs.' Ex. C, Littlejohn Depo pg 22-23).

26.     **MATERIAL and UNDISPUTED**.

27.     **MATERIAL and UNDISPUTED.**

28.     **MATERIAL and UNDISPUTED**.

29.     **MATERIAL and DISPUTED**.  Defendant Jackson testified that there was nothing administratively that Plaintiff could have done to gain his release.  Defendant Jackson did not testify there was no path for his release, such as bringing a Habeas Corpus action in state court. (Doc. 22, Defs. Ex. J, Jackson Depo pg 17).

30.     **MATERIAL and UNDISPUTED.**

31.     **OBJECTION.  IMMATERIAL and UNDISPUTED**.  The opinion of a member of the Prisoner Review Board as to the sufficiency of the Plaintiff's instant lawsuit has no relevance to this cause of action.  The opinion does not make a fact of consequence in the instant matter more or less probable, and thus this statement is inadmissible and should be stricken.  Fed. R. Evid. 401; Fed. R. Civ. Pro. Rule 56(c)(2).  Further, the statement made by the member of the Prisoner Review Board is hearsay under Fed. R. Evid. 801, and inadmissible under Fed. R. Evid. 802.

32.     **MATERIAL and DISPUTED**.  Plaintiff states that Defendant Jackson took no action in the instant case.  However, the record is clear that Defendant Jackson took action in seeking advice from the legal department and continued to follow up for their final decision.  (Doc. 22, Undisputed Material Facts 23 through 56).

33.     **IMMATERIAL and UNDISPUTED.**

34.     **MATERIAL and DISPUTED.**  Defendant Jackson never testified that he would have waited indefinitely before releasing the Plaintiff.  However, he did testify that he would wait for legal clarification on how to proceed.  (Doc. 22, Ex. J, Jackson Depo pg 16).

35.     **MATERIAL and DISPUTED.** Defendant Huntley informed Defendant Jackson to release the Plaintiff.  Defendant Jackson informed Defendant Littlejohn of the decision to have Plaintiff released without a term of MSR.  (Doc. 22, Defs.' Ex. Group L, BATES 1070);(Doc. 22, Ex. J, Jackson Depo pg 44-45).

36.     **MATERIAL and UNDISPUTED.**

**37.     MATERIAL and UNDISPUTED.**

38.     **MATERIAL and UNDISPUTED.**

**39.     MATERIAL and UNDISPUTED.**

**40.     MATERIAL and UNDISPUTED.**

41.     **MATERIAL and DISPUTED.** Defendant Grounds denied the grievance constituted an emergency, but the grievance instructs the offender to resubmit the grievance through the normal grievance procedure.  The denial of a grievance as an emergency is not a denial of the grievance's merit, but only a denial of an expedited review of the grievance.  (Doc. 22, Defs.' Ex. H, Grounds Depo Ex. 1); 20 Ill. Adm. Code 504.840.

42.     **IMMATERIAL and UNDISPUTED**.  Defendant Grounds was only making an initial determination of whether the grievance constituted an emergency and was not making a determination of the merit of the grievance.  20 Ill. Adm. Code §504.840.

43.     **MATERIAL and DISPUTED.**  The March 17, 2010, grievance was not reviewed or signed by Defendant Grounds.  Instead the signature on the March 17, 2010, was made by his designee Assistant Warden Tilka.  Defendant Grounds never reviewed the March 17, 2010, grievance.  (Doc. 22, Defs.' Ex. H, Grounds Depo pg 16).

44.     **IMMATERIAL and UNDISPUTED.**

45.     **MATERIAL and DISPUTED**.  The grievance procedure could lead to a hearing at the Administrative Review Board level.  20 Ill. Adm. Code §504.850.

46.     **IMMATERIAL and UNDISPUTED.**   The opinion does not make a fact of consequence in the instant matter more or less probable, and thus this statement is irrelevant to the instant litigation.  Fed. R. Evid. 401

47.     **MATERIAL and UNDISPUTED**.

48.     **MATERIAL and UNDISPUTED.**

49.     **MATERIAL and UNDISPUTED.**

50.     **MATERIAL and UNDISPUTED.**

51.     **MATERIAL and UNDISPUTED.**

52.     **MATERIAL and DISPUTED.**  Defendant Huntley's testimony does not state he is unaware of any legal authority for the actions of the Illinois Department of Corrections in the instant matter.  (Doc. 22, Defs.' Ex. G, Huntley Depo pg 23-24).

53.     **MATERIAL and UNDISPUTED.**

54.     **MATERIAL and UNDISPUTED.**

55.     **MATERIAL and UNDISPUTED.**

56.     **MATERIAL and UNDISPUTED.**

57.     **MATERIAL and UNDISPUTED.**

58.     **MATERIAL and UNDISPUTED.**

59.     **MATERIAL and UNDISPUTED.**

60.     **MATERIAL and UNDISPUTED.**

61.     **IMMATERIAL and UNDISPUTED.**  The fact listed in this paragraph is irrelevant because Defendant Jackson's knowledge of the Warden's statutory authority is irrelevant to the instant litigation.

62.     **IMMATERIAL and UNDISPUTED**.  Defendant Grounds' job responsibilities as the Chief Administrative Officer of Robinson Correctional Center does not make him responsible for the actions of his subordinates.

63. **IMMATERIAL and UNDISPUTED**.  The fact that Defendant Grounds has the most overall authority at Robinson Correctional Center does not make him liable to the Plaintiff for the alleged actions of his subordinate employees.

64. **MATERIAL and DISPUTED**. Defendant Jackson testified that he has authority to release an offender, but once he seeks legal advice from the legal department, their authority supercedes his authority.  (Doc. 22, Defs.' Ex. F, Jackson Depo pg 49).

65. **MATERIAL and UNDISPUTED.**

66. **MATERIAL and UNDISPUTED.**

67. **MATERIAL and DISPUTED.**  Michelle Littlejohn  testified that the Plaintiff did not require a host site if the orders were not questioned as it related to the NO MSR term.  (Doc. 22, Defs.' Ex. C, Littlejohn Depo pg 23).  Defendant Jackson testified that if the orders were followed then the Plaintiff did not require a host site, but since the order stated No MSR, the order was questioned.  (Doc. 22, Defs.' Ex. F, Jackson Depo pg 32).  Defendant Huntley testified that the civil commitment was something "separate and apart" from his obligation as a sex offender to register, have a host site, and be electronically monitored."  (Doc. 22, Defs.' Ex. G, Huntley Depo pg 34-35).  Again, the portions of the deposition cited to by the Plaintiff for this proposition are referring only to civil commitment.  An individual may be civilly committed pursuant to the Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. Ann. 207/1 *et seq.* (West 2012) ("SVP Act").  The SVP Act effectuates the indefinite civil detention of individuals who have been convicted of a sexually violent offense and who have been found to be "dangerous because [the person] suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence" again. 725 ILCS 207/5(f).  Defendants Jackson and Huntley testified that Plaintiff's past sex offense was discharged and thus made him ineligible for civil commitment under the SVP Act.  (Doc. 22, Defs.' Ex. J, Jackson Depo pg 34; Defs.' Ex. G, Huntley Depo pg 34).  The Defendants were not stating that Plaintiff was not required to have a host site.

68.     **MATERIAL and DISPUTED.**   Plaintiff was admitted to the custody of the Illinois Department of Corrections in 2006.  (Complaint pg 2).  At the time of Plaintiff's conviction, the Unified Code of Corrections stated:

> [e]xcept where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. . . .  For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term.

730 ILCS 5/5-8-1(d)(West 2008).  Thus, the relevant language as to the terms of MSR are stated pre-amendment.  Nonetheless, effective July 2, 2010, the Illinois General Assembly enacted Public Act 96-1000, amending the Code to state:

> [s]ubject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:

730 ILCS 5/5-8-1(d) (West 2011).  The amendment to the Unified Code of Corrections through Public Act 96-1000 is not substantive in nature.  2010 Ill. Legis. Serv. P. A. 96-1000 (S.B. 3733) (West).  The purpose of Public Act 92-1000 was to review and amend the statutes of Illinois to avoid duplication, mistakes, and superfluous language. 96th Ill. Gen. Assem., Senate Proceedings, Senator Haine, March 11, 2010, at 110-11. Since, Public Act 96-1000 was not substantive in nature, prior case law interpreting 735 ILCS 5/5-8-1(d) is still controlling.

## ARGUMENT

## I. DEFENDANTS' MATERIAL FACTS SHOULD BE DEEMED ADMITTED.

Plaintiff did not respond to the Defendants' undisputed material facts as required by Local Rule 7.1(2).  The Local Rules clearly state the procedure for responding to a motion for summary judgment.  The rules require that the party respond to each individual undisputed material fact listed within the movant's motion.  Local Rule 7.1(b).  Further, the rules require specific organization of

the facts.  The local rules also state that  "a failure to respond to any numbered fact will be deemed

an admission of fact."  Local Rule 7.1(2)(b)(6).  Since, Plaintiff failed to properly respond to the

Defendants' Undisputed Material Facts, this Court should deem each individual fact admitted for

purposes of summary judgment.

## II.   PLAINTIFF FAILED TO REFUTE OR EVEN RESPOND TO DEFENDANTS' SOVEREIGN IMMUNITY ARGUMENT.

Defendants moved for summary judgment on Plaintiff's false imprisonment claim in Count

IV, on the grounds that the claim is barred by sovereign immunity.  Plaintiff does not attempt to

address this argument within his response to the motion for summary judgment.  (Doc. 24).

Therefore, this Court should treat the Plaintiff's silence as a waiver of any argument against

sovereign immunity and grant summary judgment as to Count IV.

## III.    THE AMENDED SENTENCING ORDERS WERE VOID.

The three sentence orders written by the Court stating that NO MSR term shall be served are

void and thus cannot form the basis of any lawsuit for failure to obey the orders.  The case law is

absolutely clear that a sentence that does not conform to a statutory requirement is void and may be

corrected at any time.  People. Arna, 168 Ill.2d 107, 113 (1995). Plaintiff was admitted to the custody

of the Illinois Department of Corrections in 2006.  (Complaint pg 2).  At the time of Plaintiff's

conviction, the Unified Code of Corrections stated:

> [e]xcept where a term of natural life is imposed, every sentence shall include as
> though written therein a term in addition to the term of imprisonment. . . .  For those
> sentenced on or after February 1, 1978, such term shall be identified as a mandatory
> supervised release term.

730 ILCS 5/5-8-1(d)(West 2008).  Effective July 2, 2010, the Illinois General Assembly enacted

Public Act 96-1000, amending the Code to state:

> [s]ubject to earlier termination under Section 3-3-8, the parole or mandatory
> supervised release term shall be as follows:

730 ILCS 5/5-8-1(d) (West 2011).  The amendment to the Unified Code of Corrections through Public Act 96-1000 is not substantive in nature.  2010 Ill. Legis. Serv. P. A. 96-1000 (S.B. 3733) (West).  The purpose of Public Act 92-1000 was to review and amend the statutes of Illinois to avoid duplication, mistakes, and superfluous language. 96th Ill. Gen. Assem., Senate Proceedings, Senator Haine, March 11, 2010, at 110-11. Since, Public Act 96-1000 was not substantive in nature, prior case law interpreting 735 ILCS 5/5-8-1(d) is still controlling.

The case law is clear that the terms of MSR are imposed by statute in addition to imprisonment and cannot be stricken by the courts. Owens v. Snyder, 349 Ill. App. 3d 35, 45 (2004). Since the Court lacked the authority to strike a term of MSR the order was void from its inception and without legal authority.  Plaintiff argues that the Court simply struck the MSR term to rectify their failure to admonish him of the statutorily required MSR term prior to any plea agreement. However, the Plaintiff's reliance on People v. Whitfield, 217 Ill.2d 177 (2005), is misplaced and actually supports the Defendants' argument.

In Whitfield, the defendant had entered a negotiated guilty plea in exchange for concurrent 25–year and 6–year prison terms, but the trial court failed to admonish the defendant that, upon completion of his sentence, he would be subject to an additional three-year period of MSR.  Id. at 180.  The Whitfield court found that because MSR is mandatory, "the sentence, as promised, could not be legally enforced." Id. at 202-203.  The Defendant conceded in the case that MSR is mandated and legally cannot be struck from the sentence.  Id.  The Illinois Supreme Court determined the appropriate, equitable, remedy is to either allow the Defendant to withdraw the plea or shorten his sentence by the term of MSR.  Id. at 205.  However, the term of MSR must still be served.  Id.

The remedy outlined in Whitfield of reducing the sentence was not available to the Plaintiff. This remedy was unavailable because the Plaintiff had served his full sentence within the Illinois Department of Corrections according to the sentencing credit provided within the February 18, 2010,

Orders.  This exact situation was addressed by the Illinois Supreme Court in People v. Porm, 365 Ill. App. 3d 791, 794 (2006).

        In Porm, the defendant argued that his constitutional rights were violated because he agreed to plead guilty in exchange for a ten-year sentence, but because of a mandatory term of supervised release of three years, his sentence was more onerous than the sentence for which he bargained. Porm, 365 Ill. App. 3d at 792.  The Porm Court agreed that the defendant's constitutional rights were violated because the defendant had not been admonished of the term of MSR and, therefore, the defendant received a more onerous sentence than that to which he ultimately pled guilty.  Porm, 365 Ill. App. 3d at 793.  The defendant had completed his 10 year sentence, and argued that the only equitable solution was for the court to strike his MSR sentence or to calculate the date on which he would have been released from prison had he been credited for the undisclosed MSR term and credit the resulting excess time he spent in prison against his MSR term.  Porm, 365 Ill. App. 3d at 794.

        The Porm Court held unequivocally that it could not grant the defendant the relief he requested.  Porm, 365 Ill. App. 3d at 794.  The Porm Court relied on our supreme court's decision in People v. Whitfield, 217 Ill. 2d 177 (2005), which addressed the identical issue.  The Whitfield court found that because MSR is mandatory, "the sentence, as promised, could not be legally enforced." Porm, 365 Ill. App. 3d at 794 (citing Whitfield, 217 Ill. 2d at 202-203).

        Porm held that Whitfield makes clear the court does not have the authority to grant the type of equitable solution requested in that case or which Plaintiff alleges he was granted in his underlying case.  The court only has authority to modify a sentence, not strike or reduce the MSR. Porm, 365 Ill. App. 3d at 795.  The Porm Court held that where there is no sentence remaining to modify as it has been discharged and only the MSR period remains, the claim is moot.  Porm, 365 Ill. App. 3d at 795.

        Thus, it is clear that if, as Plaintiff argues, the Court struck the MSR term only to rectify their failure to admonish the Plaintiff, it still lacked the authority to enter such an order.  The case law is

clear that a term of MSR is mandated by statute and cannot be modified or struck by the Court. If the Plaintiff was not admonished prior to a plea agreement, but had already served his time within the Illinois Department of Corrections, then his claim was moot and he was without remedy. Porm, 365 Ill. App. 3d at 795. Since the sentencing orders entered by the Court were void, the Defendants' failure to comply with the sentencing orders cannot form the basis of the instant lawsuit. Therefore, Defendants are entitled to summary judgment.

### IV.    DEFENDANTS COMPLIED WITH THE HANDWRITTEN FEBRUARY 18, 2010, COURT ORDER.

On February 18, 2010, the Lake County Circuit Court entered three sentencing orders. (Doc. 22, Defs.' Ex. D, E, & J). The Plaintiff brings the instant claim against the Defendants for failing to comply with only two of the sentencing orders. Specifically, the only sentencing orders the Plaintiff seeks to enforce in this litigation state as follows:

> With credit for 373 days served in the Lake County Jail - credit for time awaiting transport to the Department of Corrections - good time as administered by the Department of Corrections - def to be released from the Department of Corrections without a term of Mandatory Supervised Release.

(Defs.' Ex. D & E, Amended Sentencing Orders). A calculation of the Plaintiff's sentences in accordance to these orders indicates a release date of August 23, 2009. This release date preceded the date the Order was entered by approximately 6 months.

The Lake County Circuit Court entered a third order on February 18, 2010, that was agreed to by all parties and signed by the Judge. (Doc. 22, Defs.' Ex. J). The third order specifically states that the Plaintiff "shall be released from the Department of Corrections, without a term of MSR, on Friday, May 28, 2010." (Doc. 22, Defs.' Ex. J). This Order specifically states the date of release for the Plaintiff, but is contradictory to the Court's order providing 373 days of good time credit. The Plaintiff and his attorney agreed that he shall be released from the Illinois Department of Corrections

on May 28, 2010, without a term of MSR.  Plaintiff was released on May 21, 2010, without a term of MSR.  Since, the Defendants complied with the Agreed Order entered by the Court they should not be found liable for failure to comply with the other contradictory sentencing orders.

### V.      DEFENDANTS WERE NOT DELIBERATELY INDIFFERENT.

Plaintiff argues that the Defendants were deliberately indifferent and took no more action than to email each other back and forth.  Specifically, he argues that the Defendants failed to file anything with the Lake County Circuit Court to intervene and have the Order changed.  This fact is irrelevant to whether the Defendants were deliberately indifferent, because the Illinois Department of Corrections lacks the statutory authority to represent itself in Court.  The Illinois Department of Corrections must seek representation from the Illinois Attorney General in order to file a motion to intervene and seek a corrected sentence order. 15 ILCS 205/4.  The Defendants sought representation and delayed releasing the Plaintiff only while awaiting a response from the Illinois Attorney General's Office.  Upon exhausting all avenues available to them to modify or vacate the void order, the Plaintiff was released from the custody of the Illinois Department of Corrections.

WHEREFORE, for the above and forgoing reasons, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment.

|  |  |
|---|---|
|  | EDWARD HUNTLEY, DION DIXON, RANDY GROUNDS, MICHELE LITTLEJOHN, and GLENN JACKSON, |
|  | Defendants, |
| Robert L. Fanning, #6296345<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62706<br>Telephone: (217) 782-9056<br>Facsimile: (217) 782-8767<br>E-Mail: rfanning@atg.state.il.us | LISA MADIGAN, Attorney General,<br>State of Illinois, |
|  | Attorney for Defendants, |
|  | By:    s/ ROBERT L. FANNING_____<br>Robert L. Fanning, #6296345<br>Assistant Attorney General |
| Of Counsel. |  |

## No. 11-3023

## Certificate of Service

I hereby certify that on November 26, 2012, I electronically filed a Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dennis J. DeCaro
djd0089@aol.com

Respectfully submitted,

\s\ Robert L. Fanning
Robert L. Fanning
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9056
Facsimile:  (217) 782-8767